THE STATE, EX REL. ZAMORA, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as State, ex rel. Zamora, *v.* Indus. Comm. (1989), 45 Ohio St. 3d 17.]

(No. 87-993—Submitted February 8, 1989—Decided August 16, 1989.)

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *William R. Menacher,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Donald R. Ford, Jr.,* for appellant.

*Per Curiam.* The commission based its denial of permanent total disability compensation particularly on the reports of Dr. Brown and Dr. Kogut. The court of appeals rejected Dr. Brown's report as "some evi-

dence" to support the commission's decision because it did not evaluate the combined effect of Zamora's physical and psychiatric conditions, as required by *State, ex rel. Anderson,* v. *Indus. Comm., supra.* It rejected Dr. Kogut's report for the same reason and because "* * * his opinion was, at least in part, rejected when the psychiatric condition was recognized by the Industrial Commission." Before this court, the commission points out that *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, has overruled *Anderson* and the combined-effects doctrine. Thus, the commission argues, the Brown and Kogut reports constitute some evidence to support its finding against permanent total disability with regard to Zamora's physical and mental impairments. We agree that, with the *Anderson* impediment removed, the Brown report constitutes some evidence of the lack of a permanent and total physical *impairment.* However, we agree with the court of appeals that the Kogut report, even with the *Anderson* impediment removed, cannot constitute some evidence against *mental impairment.*

The Kogut report was available to the regional board of review before it allowed the amendment to the claim adding the psychiatric condition. Dr. Kogut concluded that Zamora suffered from moderate impairment from depression, that the depression preceded his 1963 physical injury, and that the contribution of the 1963 injury to his current depression was minimal. The regional board implicitly rejected this report when it allowed the claim expressly on the Mann letter of November 8, 1984, which also found a moderate depression, but concluded that Zamora was permanently and totally disabled. We agree with the court of appeals that it would be inconsistent to permit the commission to reject the Kogut report at one level, for whatever reason, and rely on it at another. Accordingly, the Kogut report cannot constitute some evidence that Zamora is not permanently and totally disabled.

Excluding the Kogut report leaves no evidence of mental impairment on which the commission based its order of September 23, 1985. In *State, ex rel. Lampkins,* v. *Dayton Malleable, Inc.* (1989), 45 Ohio St. 3d 14, ____ N.E. 2d ____, we held that, in a case such as this, when the evidence relied on by the commission to deny a temporary total disability claim is discredited by a court, the proper procedure is to return the case to the commission for further evidence on the question of disability. We adopt the same holding with regard to permanent total disability. Accordingly, the order of the court of appeals is affirmed insofar as it vacates the decision of the commission, but reversed insofar as it orders payment of permanent and total disability compensation, and the cause is remanded to the commission.

*Judgment affirmed in part
and reversed in part.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.