[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 638.]

THE STATE EX REL. DORKOFF, APPELLEE, *v*. TRIMBLE, ADMR., BUR. OF WORKERS' COMPENSATION, ET AL., APPELLANTS.

[Cite as *State ex rel. Dorkoff v. Trimble*, 1995-Ohio-239.]

*Workers' compensation—Industrial Commission's denial of authorization for further chiropractic treatment supported by "some evidence," when.*

(No. 93-1593—Submitted January 10, 1995—Decided March 29, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-902.

————————————

{¶ 1} Appellee-claimant, Kathy K. Dorkoff, was injured in 1983 in the course of her employment with Hoover Company, a self-insured employer, and her workers' compensation claim was allowed for "acute dorsal sprain/strain with muscle spasm and myofacitis." In 1985, claimant was found by appellant Industrial Commission of Ohio to have a six-percent permanent partial disability.

{¶ 2} In 1991, Hoover Company moved the commission to determine the necessity of further chiropractic treatment. Accompanying the motion was the report of Charles E. DuVall, D.C., who examined claimant on Hoover's behalf. Dr. DuVall found no impairment due to the allowed conditions. He noted the presence of spinal degenerative arthritis and disc disease, which he felt were unrelated to claimant's industrial injury. On the need for further treatment, Dr. DuVall wrote:

"[A] mild to even moderate strain/sprain will resolve with no treatment at all in approximately 4-16 weeks. Therefore, to continue to try and place the treatment of such a mild condition for 9 years is not based on any acceptable scientific data and would fly in the face of normal reason. If anything[,] this patient[']s present treatment[,] and I would think treatment since at least the end of October of 1983[,] would be related more to this patient's degenerative arthritis then [*sic*] any mild injury suffered on May 23, 1983."

**{¶ 3}** Dr. Gary Greenspan examined claimant on the commission's behalf. With the exception of finding tenderness at T8-12 and muscle spasm, his examination of claimant was normal. He felt that further treatment was unnecessary.

**{¶ 4}** Claimant submitted the August 21, 1991 report of attending chiropractor, Dr. Jack B. Foughty. Foughty's report did not refer to any recent examination that he conducted, but merely responded to the DuVall and Greenspan reports. Foughty wrote:

"I feel that Dr. DuVall has missed the point that Ms. Dorkoff has been awarded a permanent disability rating which means that the injury is permanent and she will be prone to exacerbations of symptomatology. Dr. DuVall also states in his report that this claimant suffers from degenerative arthritis and degenerative disc disease of the thoracic spine which is the result of a normal aging process. However, this patient was only 31 years old at the time of her examination.

"It is also a well known fact that injuries to the spine such as suffered by Ms. Dorkoff will predispose that person to developing degenerative arthritis in the spine. This is a permanent consequence of an injury.

"Dr. Greenspan's report stated that there was tenderness upon palpation and muscle spasm noted in the dorsal spine indicating there is still an injury there which would be permanent after this period of time. Permanent injuries of this nature need ongoing care or else they will worsen.

"Ms. Dorkoff continues to receive care at this office on an as needed basis. When she has an exacerbation of her symptomatology she comes in to receive care to help reduce the pain and swelling at that time. She is not on a permanent schedule and does not abuse the right to the care that she does receive. I believe that this office can continue to help Ms. Dorkoff when she does have a flareup and intend to keep treating her on an as needed basis."

**{¶ 5}** On August 30, 1991, a district hearing officer found:

"No further regular ongoing chiropractic treatment is authorized at this time, as it is not medically indicated.

"Authorization for chiropractic treatment during short term periods of acute exacerbation is to be considered by the Self-Insured Employer upon submission of medical documentation of need.

"The hearing officer, in making his finding, has taken the following evidence into consideration:

"Dr. Foughty['s] * * * report * * *.

"Dr. DuVall['s] * * * report * * *.

"Dr. Greenspan['s] * * * finding * * *."

{¶ 6} Claimant timely appealed this order.

{¶ 7} On December 3, 1991, claimant sought authorization for "[m]anipulation, ultrasound, low volt sine wave, cryotherapy and/or hot moist pacs [*sic*]" two to three times a week for five to seven weeks. Foughty's accompanying report, dated November 5, 1991, stated:

"Kathy Dorkoff presented herself to this office on November 5, 1991, with complaints of mid back pain which had begun a couple of weeks prior to her visit and had gotten progressively worse until she sought care. The patient denies any trauma.

"Examination revealed there was tenderness, spasm and edema upon palpation of the dorsal spine area. There was limited flexion and abduction of the arms. Cervical flexion caused pain into the thoracic spine. Dorsal extension was limited with pain.

"We are requesting authorization for 15 visits over a period of approximately 5-7 weeks. Ms. Dorkoff will be seen 2 or 3 times per week, depending on her response to treatment given. Treatment is for an exacerbation of her original injury."

**{¶ 8}** On November 27, 1991, the regional board of review affirmed the August 30, 1991 order of the district hearing officer. Further appeal was refused.

**{¶ 9}** On March 19, 1992, a second district hearing officer denied claimant's December 3, 1991 authorization request:

"[B]ased upon the State physician's report dated June 25, 1991, as well as prior District Hearing Officer Order dated August 30, 1991, that authorizion for chiropractic treatment rendered by Dr. Foughty from November 5, 1991 to date is specifically denied, as there is insufficient medical proof justifying the medical necessity of said treatment.

"The District Hearing Officer notes particularly Dr. Foughty's narrative dated November 5, 1991.

"Accordingly, claimant's Motion is denied in its entirety.

"The Hearing Officer, in making this finding, has taken the following evidence into consideration: Prior District Hearing Officer dated August 30, 1991; Self-Insured Employer denial; C-161 and report dated November 5, 1991 and August 21, 1991, indicating claimant is in need of treatment; Dr. DuVall, employer's physician report dated March 20, 1991, indicating further chiropractic treatment is of no benefit and should be denied, was read and relied upon; Dr. Greenspan, State Examiner's report dated June 25, 1991, indicating that claimant does not presently require chiropractic treatments which are not necessary, was read and relied upon." This, too, was affirmed administratively.

**{¶ 10}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in denying authorization for the requested treatment. The court of appeals agreed, finding that the DuVall and Greenspan reports were not "some evidence" supporting denial of authorized treatment. The court ordered the commission to vacate the disputed order and to authorize the treatment.

**{¶ 11}** This cause is now before this court upon an appeal as of right.

4

---

*Zwick Law Offices Co., L.P.A.*, *Arthur C. Graves* and *Leander P. Zwick III*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Yolanda L. Barnes*, Assistant Attorney General, for appellants Industrial Commission of Ohio and Bureau of Workers' Compensation.

---

**Per Curiam.**

{¶ 12} Claimant has an eleven-year-old back sprain that resulted in a six-percent disability. At issue is her request for a host of treatment modalities two to three times per week for five to seven weeks. The commission denied authorization of treatment based on the reports of Drs. Greenspan and DuVall. The appellate court found that these reports were not "some evidence" supporting the commission's decision. For the reasons to follow, the appellate judgment is reversed.

{¶ 13} The appellate court erred in finding that the commission order lacked "some evidence." While the passage of time may have eroded the relevancy of Dr. Greenspan's observations, the probative value of DuVall's report remains intact. The passage of time does not change the relevancy of his declaration that claimant's allowed condition resolved itself years earlier, and that any other discovered conditions were unrelated to that allowed condition.

{¶ 14} We also disagree with the appellate court's determination that the commission inherently rejected DuVall's report by authorizing further treatment. To the contrary, the commission specifically denied further treatment on two occasions. The fact that the commission did not prohibit the self-insured employer from considering the issue later does not constitute an affirmative authorization of treatment. Therefore, Dr. DuVall's report is not removed from evidentiary

consideration by *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E. 2d 87, and is "some evidence" supporting the commission's decision.

{¶ 15} We also note that claimant's own doctor, Dr. Foughty, does nothing to negate Dr. DuVall's opinion that any back problems that claimant has are caused by arthritis and disc disease—nonallowed conditions. To the contrary, Dr. Foughty's August 21, 1991 report strongly suggests that he is treating her solely for arthritis. At no point in his reports does he ever state that claimant's treatment is related to her allowed sprain. While his November 1991 report indicates that treatment is for an "exacerbation of her original injury," he is careful to avoid saying that it is an "exacerbation of her allowed conditions." Under these facts, we find this to be an important distinction, since Dr. Foughty feels claimant's arthritis arose from her muscle sprain. However, the possible causal relationship between claimant's arthritis and her industrial injury is irrelevant unless and until claimant seeks to have arthritis included in her claim.

{¶ 16} Accordingly, the judgment of the appellate court is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————