THE STATE EX REL. DORKOFF, APPELLEE, *v.* TRIMBLE, ADMR.,
BUR. OF WORKERS' COMPENSATION, ET AL., APPELLANTS.

[Cite as *State ex rel. Dorkoff v. Trimble* (1995), 71 Ohio St.3d 638.]

(No. 93–1593—Submitted January 10, 1995—Decided March 29, 1995.)

*Zwick Law Offices Co., L.P.A., Arthur C. Graves* and *Leander P. Zwick III*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Yolanda L. Barnes*, Assistant Attorney General, for appellants Industrial Commission of Ohio and Bureau of Workers' Compensation.

---

*Per Curiam.* Claimant has an eleven-year-old back sprain that resulted in a six-percent disability. At issue is her request for a host of treatment modalities two to three times per week for five to seven weeks. The commission denied authorization of treatment based on the reports of Drs. Greenspan and DuVall. The appellate court found that these reports were not "some evidence" supporting the commission's decision. For the reasons to follow, the appellate judgment is reversed.

The appellate court erred in finding that the commission order lacked "some evidence." While the passage of time may have eroded the relevancy of Dr. Greenspan's observations, the probative value of DuVall's report remains intact. The passage of time does not change the relevancy of his declaration that claimant's allowed condition resolved itself years earlier, and that any other discovered conditions were unrelated to that allowed condition.

We also disagree with the appellate court's determination that the commission inherently rejected DuVall's report by authorizing further treatment. To the contrary, the commission specifically denied further treatment on two occasions. The fact that the commission did not prohibit the self-insured employer from considering the issue later does not constitute an affirmative authorization of treatment. Therefore, Dr. DuVall's report is not removed from evidentiary consideration by *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, and is "some evidence" supporting the commission's decision.

We also note that claimant's own doctor, Dr. Foughty, does nothing to negate Dr. DuVall's opinion that any back problems that claimant has are caused by arthritis and disc disease—nonallowed conditions. To the contrary, Dr. Foughty's August 21, 1991 report strongly suggests that he is treating her solely for arthritis. At no point in his reports does he ever state that claimant's treatment is related to her allowed sprain. While his November 1991 report indicates that treatment is for an "exacerbation of her original injury," he is careful to avoid saying that it is an "exacerbation of her allowed conditions." Under these facts, we find this to be an important distinction, since Dr. Foughty feels claimant's arthritis arose from her muscle sprain. However, the possible

causal relationship between claimant's arthritis and her industrial injury is irrelevant unless and until claimant seeks to have arthritis included in her claim.

Accordingly, the judgment of the appellate court is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.