[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 387.]

THE STATE EX REL. HOOVER COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; FARWICK, APPELLANT.

[Cite as *State ex rel. Hoover Co. v. Indus. Comm.,* 1995-Ohio-195.]

*Workers' compensation—Determination of permanent total disability—Res judicata has limited application to workers' compensation matters— Industrial Commission's decision supported by "some evidence," when.*

(No. 94-31—Submitted April 24, 1995—Decided June 28, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1113.

———————————

{¶ 1} Appellant-claimant, Irene M. Farwick, sustained five injuries in the course of and arising from her employment with appellee, Hoover Company. In August 1988, Hoover moved respondent Industrial Commission of Ohio to terminate claimant's temporary total disability compensation. Two months later, claimant moved for permanent total disability compensation.

{¶ 2} On December 20, 1988, a district hearing officer ruled on Hoover's motion to terminate. Among other evidence presented was the October 6, 1988 report of Dr. H.W. Kang, claimant's attending physician, who, based on his September 13, 1988 examination, opined that the claimant was permanently and totally disabled. The district hearing officer held:

"* * * that the claimant is capable of substantially resuming the responsibilities and tasks making up the claimant's former position of employment.

"Based on the *'Ramirez' [State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O. 3d 518, 433 N.E.2d 586] guidelines and Industrial Commission Resolution dated July 26, 1982, it is hereby ordered that the claimant is no longer temporarily and totally disabled effective December 20, 1988.

"The District Hearing Officer, in making this finding on temporary total disability, has taken the following evidence into consideration: Dr. Kang, claimant's physician's finding indicating claimant is now permanently and totally disabled; Dr. Erickson, employer's physician's finding per report of June 21, 1988; Dr. Weaver, State examiner's finding indicating claimant could return to [her] former position of employment.

"Upon review and analysis of these reports and taking the allowed condition into consideration, this finding was made."

{¶ 3} Claimant timely appealed. She obtained a second report from Dr. Kang, dated January 18, 1989, which again stated that, based on his September 13, 1988 exam, claimant was forever removed from gainful employment. The termination of claimant's temporary total disability compensation was administratively affirmed. No judicial appeal followed.

{¶ 4} Claimant's permanent total disability application was heard on January 28, 1992. Among the medical evidence before the commission were the reports of Drs. Kang, Norman W. Lefkovitz, and Paul Steurer. Dr. Steurer concluded that:

"Based on my exam and based on recent medical probability and certainty and using the AMA guidelines of impairment, due to the allowed orthopedic conditions, Mrs. Farwick is indeed prevented from returning to her former position of employment and her condition is now permanent. Due to the allowed orthopedic conditions Mrs. Farwick is indeed totally permanently prevented from all sustained remunerative employment and consequently she should be considered 100% disabled. She is not a rehabilitation candidate."

{¶ 5} The commission awarded permanent total disability compensation, writing:

"It is now the finding of the Commission that claimant is permanently and totally disabled; that compensation for such disability be awarded from 1-18-89 * * *; that 100% of the cost of this award is to be charged to claim 902006-22 * * *.

"The reports of Drs. Kang, Smith, Pentz, Erickson, Lefkovitz, Steurer and the Vocational Specialist report of John Kilcher, were reviewed and evaluated; however, this order is based particularly upon the reports of Drs. Kang, Lefkovitz, Steurer and the Vocational Specialist report of John Kilcher [and] a consideration of the claimant's age, education, work history * * *.

"It is the further finding of the Commission that the order of the District hearing officer, dated 12-20-88, which terminated temporary total disability on the grounds of permanency, was based upon the report of Dr. Kang, who found claimant was permanently and totally disabled, the report of Dr. Erickson, who found 10%, and the report of Dr. Weaver, who found that claimant could return to work; that said order therefore is not conclusive with respect to the issue of claimant's ability to return to her former duties of employment.  It is the further finding of the Commission that claimant's cessation of work resulted from her physical incapacity to return to work, as evidenced by the report of Dr. Kang, and therefore does not constitute voluntary retirement. * * *

"It is the further finding of the Commission that claimant is now 62 years of age, has a high-school education and no special training or vocational skills, other than those acquired during her work history; that claimant, by the reports of two specialists, is not a candidate for rehabilitation; that by the report of John Kilcher, the claimant would not be able to perform any substantial, gainful employment based upon her age, lack of transferable skills, and her restricted functional capacity.  The Commission concludes, upon the basis of the medical reports of impairment and the disability factors noted above, that claimant is unable to perform any substantial, gainful employment, and that she is therefore permanently and totally disabled."

**{¶ 6}** Hoover filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission's order was unsupported by "some evidence" and was barred by *res judicata*. The appellate court agreed that evidentiary deficiencies did exist, and vacated the order and returned the cause with instructions that the commission give the matter further consideration with an amended order to follow.

**{¶ 7}** This cause is now before this court upon an appeal as of right.

———————————

*Black, McCuskey, Souers & Arbaugh* and *Gust Callas*, for appellee.

*Zwick Law Offices Co., L.P.A., Victoria Zwick Klapp* and *Barbara A. Venesy*, for appellant.

———————————

*Per Curiam.*

**{¶ 8}** Four issues are presented: (1) Did *res judicata* bar a finding of permanent total disability? (2) Did "some evidence" support the commission's decision? (3) Did claimant voluntarily retire? and (4) Did the commission err in apportioning the award exclusively to one claim? For the reasons to follow, the appellate judgment is affirmed, the commission's order is vacated, and the cause is returned to it for further consideration and amended order.

**{¶ 9}** On December 20, 1988, a district hearing officer terminated temporary total disability compensation after concluding that claimant could return to her former position of employment. That finding was administratively affirmed and never judicially challenged. Lacking judicial challenge, Hoover asserts that the December 20, 1988 finding became the commission's final pronouncement on claimant's extent of disability, thereby precluding permanent total disability compensation. This argument is unpersuasive.

**{¶ 10}** *Res judicata* has limited application to workers' compensation matters, especially those involved in extent of disability:

"'It is almost too obvious for comment that *res judicata* does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * *. A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame * * *.'" *State ex rel. B.O.C. Group, GMC v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 201, 569 N.E.2d 496, 498, quoting 3 Larson, Workers' Compensation Law (1989), Section 79.72(f).

{¶ 11} Turning to the evidentiary challenge posed, we disagree with Hoover's assertion that no medical evidence supports permanent total disability. Dr. Steurer's report declared that claimant's allowed conditions prevented sustained remunerative employment and, in so doing, eliminates inquiry into the adequacy of the commission's nonmedical analysis under *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Medical evidence of permanent total impairment eliminates the need for nonmedical consideration. *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

{¶ 12} Dr. Steurer's report is immaterial, however, if claimant is found to have retired from the labor market for reasons unrelated to her injuries, prior to filing her permanent total disability application. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138. Retirement under those circumstances forecloses permanent total disability. The commission found that claimant's retirement was injury-precipitated based on Dr. Kang's report. Hoover challenges that finding, arguing that *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, prohibits commission reliance on Kang. We agree.

{¶ 13} In *Zamora*, the claimant sought to have a psychiatric condition added to his claim. Dr. Kogut found that claimant did have a psychiatric condition, but

the condition was unrelated to his industrial injury. The commission allowed the condition nonetheless.

{¶ 14} Claimant later sought permanent total disability compensation. The commission denied permanent total disability based partially on Dr. Kogut's earlier report. We found an abuse of discretion, stating that "it would be inconsistent to permit the commission to reject the Kogut report at one level, for whatever reason, and rely on it at another." *Id*. at 19, 543 N.E.2d at 89.

{¶ 15} Hoover contends that the commission rejected Kang's report when it terminated temporary total disability in 1988. Claimant responds that *Zamora* is inapplicable because (1) Kang's reports were prepared for permanent total disability, not temporary total disability purposes, and (2) Kang has submitted a later report. Both arguments lack merit.

{¶ 16} Claimant initially asserts that Kang's reports were made for permanent total disability purposes and could not, therefore, have been rejected in a temporary total disability hearing. His report, however, clearly ventures an opinion that is germane to the current inquiry. Kang stated that claimant could perform no sustained remunerative employment. Sustained remunerative employment encompasses the claimant's former position of employment. The commission, therefore, necessarily rejected Kang's opinion when it held that claimant could resume her former duties.

{¶ 17} Claimant alternatily argues that if Kang's 1988 report was rejected, his January 1989 report—which reiterated Kang's earlier conclusion—post-dated the district hearing and thus could not have been considered and rejected. The 1989 report, however, did not post-date the regional board and staff hearings that followed, where the district hearing officer's order was affirmed. Additionally, that report was no more than a pure recitation of the 1988 report and was based on the same examination that anchored the 1988 narrative. We do not consider it to be "new" evidence.

{¶ 18} Claimant's retirement is an issue that merits further commission exploration due to the conflicting accounts given. Hoover asserts that claimant refused employment within her physical abilities and retired before ever seeking permanent total disability. Claimant hotly disagrees. Given the removal of Kang's reports as supporting evidence, the commission's order is vacated, and the cause must be returned to it on the retirement issue.

{¶ 19} Removing Kang's reports from evidentiary consideration has another effect. The permanent total disability starting date set by the commission is the same date as Kang's second report, so presumably the two are related. If this is the case, removal of the Kang report leaves the starting date unsupported by "some evidence" of permanent total disability. This is an issue that the commission must also address on "remand."

{¶ 20} Finally, the appellate court ordered the commission to review its allocation of costs if, upon "remand," the commission again awarded permanent total disability. We concur with this directive.

{¶ 21} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, PFEIFER and COOK, JJ., concur.

F.E. SWEENEY, J., dissents and would reinstate the order of the Industrial Commission.

_____