THE STATE EX REL. VERBANEK, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Verbanek v. Indus.
Comm.* (1995), 73 Ohio St.3d 562.]

(No. 94–508—Submitted June 6, 1995—Decided August 30, 1995.)

*Ben Sheerer Co., L.P.A.,* and *Paula Goodwin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Sandra Becher Sommers,* for appellee LTV Steel Company.

*Per Curiam.* One issue is presented: Is Dr. Boutouras' report "some evidence" supporting the denial of payment for medical services? For the reasons to follow, we find that it is not.

*State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 19, 543 N.E.2d 87, 89, stated that "it [is] inconsistent to permit the commission to reject * * * [a] report at one level, for whatever reason, and rely on it at another."

In this case, the commission expressly relied on Dr. Boutouras' report. Two elements of that narrative are relevant—his recitation of claimant's prior history and his assessment of zero-percent impairment. The latter was clearly rejected when the fifteen-percent award of permanent partial disability was made, so it could not be relied upon later.

We recognize that the credibility of claimant's recited history does not depend on Boutouras' impairment assessment and is, thus, in a sense, severable from it. However, even if the recited-history element of the report was somehow preservable under an exception to *Zamora,* it would be insufficient to sustain the commission's decision. We are not convinced that the commission could have reached its decision without reliance upon the zero-percent impaired assessment

that eliminated claimant's industrial injury as a potential source of claimant's renewed back problems.

Finding that a crucial element of the commission's reasoning is unsupported by "some evidence," the judgment of the court of appeals is hereby reversed and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, PFEIFER and COOK, JJ., dissent.

WRIGHT, J., dissenting. Unlike the majority, I believe there is "some evidence" supporting the Industrial Commission's decision to not reactivate relator's claim. Consequently, I dissent to the majority's decision to reverse the court of appeals and grant a writ of mandamus in this case.

In deciding whether to reactivate relator's claim, the commission had before it the report of Dr. George D. Boutouras. As noted by the majority, Dr. Boutouras' report consisted of two parts. First, it recited relator's history of back problems. Second, it contained Dr. Boutouras' opinion, based upon a medical examination of relator, that relator suffered from zero percent permanent partial impairment.

The majority erroneously finds that based upon our decision in *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, the portion of Dr. Boutouras' opinion setting forth relator's history of back problems cannot constitute "some evidence" in support of the commission's decision to not reactivate relator's claim. The majority reads *Zamora* broadly to stand for the proposition that if any portion of a report is rejected at one level of the commission, the commission cannot rely on any *other* portion of the report at the same or different level later in the life of the claim. However, the majority's broad interpretation excludes material in a report that is legitimately separate and distinct from the portion of the report that was previously rejected. Therefore, unlike the facts of *Zamora*, where the commission rejected a report at one level and then relied improperly on the same portion of a report at another level, it would not be inconsistent or unreasonable to allow the commission to reject a portion of the report at one level and rely on *another* portion of that report at another or the same level.

I believe this case falls within the above-mentioned exception to *Zamora*. The medical history of the relator, as set forth in Dr. Boutouras' report, is completely independent from Dr. Boutouras' opinion as to the percentage of relator's permanent partial impairment. The former is factual and the latter consists of an opinion based on Dr. Boutouras' examination of relator. As such, the two

portions of the report are independent and each may be accepted or rejected by the commission.

The portion of Dr. Boutouras' report detailing relator's history of back problems constitutes "some evidence" to support the commission's decision not to reactivate relator's claim. The majority overreaches its proper role in concluding that this evidence is not sufficient because the majority is "not convinced that the commission could have reached its decision without reliance upon the zero-percent impaired assessment." Our role is limited to determining whether "some evidence" supports the commission's determination. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. Once "some evidence" is found in support of the commission's decision, which is the case here, our review should end.

PFEIFER and COOK, JJ., concur in the foregoing dissenting opinion.