[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 562.]

THE STATE EX REL. VERBANEK, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State ex rel. Verbanek v. Indus. Comm., 1995-Ohio-330.]

*Workers' compensation—Denial of request for payment for medical services— Evidence rejected by Industrial Commission may not later be relied on to deny claim.*

(No. 94-508—Submitted June 6, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-276.

_____

{¶ 1} Appellant-claimant, Edward Verbanek, was injured in 1987 while in the course of and arising from his employment with respondent LTV Steel Company.  His workers' compensation claim was allowed for lumbosacral myofascitis.  He missed approximately three months of work before resuming his regular duties.

{¶ 2} Claimant later applied to appellee, Industrial Commission of Ohio to determine his percentage of permanent partial disability.  Among other evidence before the commission was the report of Dr. George D. Boutouras.  He recited claimant's history of pre-injury back problems as follows:

"1.  11/07/78—Off work since October 25, 1978.  Injured his back moving a refrigerator at home and was treated for 'lumbosacral sprain.'  He was treated by his private medical doctor for 'acute lumbar myoscitis [*sic*].'

"2. 08/14/78—Off work since July 12, 1978.  Treated for 'lumbar myositis.' Injured on July 28, 1988 when he was 'physically assaulted --  back injury from being kicked.'

"3.  11/16/76—Left work because on November 3, 1976 he 'wrenched his back when moving furniture.'

"4. 05/13/74—Off work for 1 1/2 months because he 'sprained his back.'

"5. 6/18/73—Left work because of 'sore back, upper left' he sustained 'playing volleyball at a picnic' on July 17, 1973."

{¶ 3} Based on the lack of objective findings at the time of his examination, Dr. Boutouras assessed a zero percent permanent partial impairment. The commission, however, on September 21, 1989, made a fifteen-percent award of permanent partial disability.

{¶ 4} There is no evidence of, nor does claimant allege that there was any, medical treatment for the next two years. On October 3, 1991, however, claimant filed a C85A claim reactivation form, seeking payment for medical services rendered from September 9, 1991, as well as authorization for continued treatment. When asked if claimant's "present disability [is] due to the injury in this claim," Gregg Battersby, D.C., who completed the form, responded affirmatively.

{¶ 5} A district hearing officer denied the request for payment of medical services, stating:

"* * * there is insufficient medical proof to causally relate the claimant's current low back symptoms to the 05/05/87 industrial injury. The District Hearing Officer notes that Dr. Boutouras's 02/15/89 report detailed the claimant's history of low back problems beginning in 1974, thirteen (13) years prior to the industrial injury." The order was administratively affirmed.

{¶ 6} Claimant filed a complaint for a writ of mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying authorization for payment of medical services. The court disagreed and denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*Ben Sheerer Co., L.P. A.,* and *Paula Goodwin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Sandra Becher Sommers*, for appellee LTV Steel Company.

_____

**Per Curiam.**

{¶ 8} One issue is presented: Is Dr. Boutouras' report "some evidence" supporting the denial of payment for medical services? For the reasons to follow, we find that it is not.

{¶ 9} *State ex rel. Zamora v. Indus. Comm.* (1988), 45 Ohio St.3d 17, 19, 543 N.E.2d 87, 89, stated that "it [is] inconsistent to permit the commission to reject * * * [a] report at one level, for whatever reason, and rely on it at another."

{¶ 10} In this case, the commission expressly relied on Dr. Boutouras' report. Two elements of that narrative are relevant -- his recitation of claimant's prior history and his assessment of zero-percent impairment. The latter was clearly rejected when the fifteen-percent award of permanent partial disability was made, so it could not be relied upon later.

{¶ 11} We recognize that the credibility of claimant's recited history does not depend on Boutouras' impairment assessment and is, thus, in a sense, severable from it. However, even if the recited-history element of the report was somehow preservable under an exception to *Zamora,* it would be insufficient to sustain the commission's decision. We are not convinced that the commission could have reached its decision without reliance upon the zero-percent impaired assessment that eliminated claimant's industrial injury as a potential source of claimant's renewed back problems.

{¶ 12} Finding that a crucial element of the commission's reasoning is unsupported by "some evidence," the judgment of the court of appeals is hereby reversed and the writ of mandamus is allowed..

*Judgment reversed
and writ allowed.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, PFEIFER and COOK, JJ., dissent.

_____

**WRIGHT, J., dissenting.**

{¶ 13} Unlike the majority, I believe there is "some evidence" supporting the Industrial Commission's decision to not reactivate relator's claim. Consequently, I dissent to the majority's decision to reverse the court of appeals and grant a writ of mandamus in this case.

{¶ 14} In deciding whether to reactivate relator's claim, the commission had before it the report of Dr. George D. Boutouras. As noted by the majority, Dr. Boutouras' report consisted of two parts. First, it recited relator's history of back problems. Second, it contained Dr. Boutouras' opinion, based upon a medical examination of relator, that relator suffered from zero percent permanent partial impairment.

{¶ 15} The majority erroneously finds that based upon our decision in *State ex rel. Zamora v. Indus. Comm.* (1988), 45 Ohio St.3d 17, 543 N.E.2d 87, the portion of Dr. Boutouras' opinion setting forth relator's history of back problems cannot constitute "some evidence" in support of the commission's decision to not reactivate relator's claim. The majority reads *Zamora* broadly to stand for the proposition that if any portion of a report is rejected at one level of the commission, the commission cannot rely on any *other* portion of the report at the same or different level later in the life of the claim. However, the majority's broad interpretation excludes material in a report that is legitimately separate and distinct from the portion of the report that was previously rejected. Therefore, unlike the facts of *Zamora*, where the commission rejected a report at one level and then relied improperly on the same portion of a report at another level, it would not be

inconsistent or unreasonable to allow the commission to reject a portion of the report at one level and rely on *another* portion of that report at another or the same level.

**{¶ 16}** I believe this case falls within the above-mentioned exception to *Zamora*. The medical history of the relator, as set forth in Dr. Boutouras' report, is completely independent from Dr. Boutouras' opinion as to the percentage of relator's permanent partial impairment. The former is factual and the latter consists of an opinion based on Dr. Boutouras' examination of relator. As such, the two portions of the report are independent and each may be accepted or rejected by the commission.

**{¶ 17}** The portion of Dr. Boutouras' report detailing relator's history of back problems constitutes "some evidence" to support the commission's to decision not reactivate relator's claim. The majority overreaches its proper role in concluding that this evidence is not sufficient because the majority is "not convinced that the commission could have reached its decision without reliance upon the zero-percent impaired assessment." Our role is limited to determining whether "some evidence" supports the commission's determination. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. Once "some evidence" is found in support of the commission's decision, which is the case here, our review should end.

COOK AND PFEIFER, JJ., concurs in the foregoing dissenting opinion.

―――――――――――――