{¶ 1} Relator, Arrow International, Inc., commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting temporary total disability ("TTD") compensation to respondent, Maggie Thomas ("claimant") and ordering the commission to reconsider claimant's application for TTD compensation.
 {¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C), and Loc.R. 12(M), of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.)
 {¶ 3} The magistrate determined that the staff hearing officer is entitled on appeal to reconsider and reweigh the evidence which previously had been reviewed and considered by a district hearing officer. The magistrate further determined that there was evidence supporting a finding that claimant's ongoing back problems were related to her work-related injury. Therefore, the magistrate recommended that the requested writ of mandamus be denied.
 {¶ 4} No objections have been filed to the magistrate's decision.
 {¶ 5} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, the requested writ of mandamus is denied.
Writ of mandamus denied.
PETREE, P.J., and WRIGHT, J., concur.
WRIGHT, J., retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 6} Relator, Arrow International, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Maggie Thomas ("claimant") and ordering the commission to
 {¶ 7} reconsider claimant's application for TTD compensation.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on January 25, 1994, and her claim has been allowed for: "Lumbar strain, aggravation of pre-existing degenerative disc disease at L4-5, S1 with lumbar radiculopathy."
 {¶ 9} 2. On May 4, 1995, claimant underwent surgery for her lower back. A year later, on May 8, 1996, claimant underwent a second surgery, involving anterior fourth and fifth lumbar discectomies and interbody fusions. On September 29, 2000, claimant underwent a third surgery for left L4 and L5 decompressive laminectomy.
 {¶ 10} 3. On June 13, 2001, claimant submitted a C-84 from her treating physician, Young H. Kim, M.D., seeking TTD compensation from May 4, 2000 through an estimated return to work date of July 9, 2001. Dr. Kim had been relator's treating physician for a number of years and the record contains letters from him dating back to November 26, 2000. The various letters followed examinations and explained to claimant in writing, Dr. Kim's opinions concerning her physical condition. None of these letters addressed the issue of whether or not she was capable of returning to her former position of employment and, in addition to discussing her back problems, Dr. Kim suggested alternatives for claimant due to the fact that she was experiencing various abdominal pains as well.
 {¶ 11} 4. By order dated June 22, 2001, the Bureau of Workers' Compensation ("bureau") granted claimant's C-84 and ordered that TTD compensation be paid from May 4, 2000, and to continue based on medical evidence.
 {¶ 12} 5. Relator appealed this decision.
 {¶ 13} 6. Dr. Satish Mahna examined claimant's medical records and issued a report dated August 17, 2001. Dr. Mahna concluded that the requested period of TTD compensation was not appropriate on the basis of the work injury claimant sustained on January 25, 1994.
 {¶ 14} 7. In response to this letter, Dr. Kim submitted a report dated September 21, 2001, wherein he stated as follows:
 {¶ 15} "In brief review of her past history, she had been working full time without any problem until her injury on January 25th 1994. After that injury she was investigated extensively and treated conservatively with all means. Because of her disc problems at the fourth and fifth lumbar levels, she underwent anterior fourth, and fifth lumbar discectomies, and interbody fusions on May 28th 1996. Because of her persisting back pain, she was investigated further, and found out that she had non-union of the fourth lumbar interspace where she had interbody fusions. Because of her persisting back and leg pain, she was advised to have exploration of the fourth lumbar interspace with possible revision of fusion. As far as diagnostic report of the fourth and fifth lumbar disc level, protruded versus herniated lumbar disc were used loosely to indicate the same type of condition.
 {¶ 16} "In conclusion, she never had any particular low back problem until her injury in 1994. Therefore, her continuing problem originated from her original injury."
 {¶ 17} 8. Relator's appeal was heard by a district hearing officer ("DHO") on January 21, 2001, and resulted in an order vacating the prior bureau order and denying the request for TTD compensation beginning May 4, 2000, based upon the reports of Drs. Mahna and Kim, dated May 9, 2000, June 16, 2000, November 26, 2000 and August 8, 1998.
 {¶ 18} 9. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on February 11, 2002. The SHO vacated the prior DHO order and granted the request for TTD compensation as follows:
 {¶ 19} "Claimant is awarded temporary total disability compensation from 05/04/2000 through 07/08/2001 and to continue upon further submission of competent medical evidence of disability.
 {¶ 20} "This award is based upon the C-84 report of Dr. Kim (dated 06/04/2001), the 05/09/2000 report of Dr. Kim and the 09/21/2001 report of Dr. Kim. The Staff Hearing Officer notes that the 09/21/2001 report of Dr. Kim specifically relates claimant's ongoing back problems to the 01/25/1994 industrial injury."
 {¶ 21} 10. Relator's further appeal was refused by order of the commission mailed March 9, 2002.
 {¶ 22} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 24} In this mandamus argument, relator raises two arguments: (1) the SHO impermissibly relied upon the reports of Dr. Kim in violation of State ex rel. Zamora v. Indus. Comm. (1989), 45 Ohio St.3d 17, and State ex rel. Jeep Corp. v. Indus. Comm. (1992), 64 Ohio St.3d 378, as the DHO had implicitly rejected those reports in the December 21, 2001 order denying claimant's application for TTD compensation; and (2) the commission abused its discretion by relying on letters which do not constitute "reports." For the reasons that follow, this magistrate disagrees.
 {¶ 25} With regard to relator's argument that the SHO cannot rely upon the reports of Dr. Kim because the DHO had implicitly rejected them, relator is misapplying the holdings from Zamora and Jeep. In both of those cases, the Ohio Supreme Court held that the commission could not "revive" reports from doctors which the commission had implicitly rejected in rendering an order granting or denying compensation or allowing/disallowing certain conditions. In both instances, the commission had issued orders which had become final in the sense that the parties no longer contested the outcome. The present case does not involve the commission's reliance upon evidence which was previously rejected in a final commission decision. Instead, this case involves an administrative appeal, wherein an SHO rejected the analysis and evidence relied upon a DHO, whose decision had been appealed to the SHO.
 {¶ 26} It must be remembered that proceedings before the commission in administrative appeals are de novo proceedings. See State ex rel. Jones v. Indus. Comm. (1996), 76 Ohio St.3d 503. Given the de novo nature of the administrative appeals, the SHO is entitled to reconsider and reweigh the evidence and is entitled to rely upon evidence which had previously been rejected by a DHO whose decision has been appealed. As such, this argument of relator fails.
 {¶ 27} Relator also contends that the commission abused its discretion by relying on letters which relator contends do not constitute reports. In the present case, the SHO relied not only upon the aforementioned "letters" written by Dr. Kim, but on the June 13, 2001 C-84 prepared and signed by Dr. Kim wherein he attributed claimant's period of temporary total disability to the allowed conditions. It is apparent from the commission's order that the commission utilized the "letters" of Dr. Kim to support a finding that relator's ongoing back problems were related to her work-related injury in spite of the fact that none of those "letters" specifically addressed the issue of whether or not claimant was capable of working at that time. As such, this argument of relator fails as well.
 {¶ 28} Based upon the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting claimant the requested period of temporary total disability compensation and relator's request for a writ of mandamus should be denied.