THE STATE EX REL. CROCKER, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Crocker v. Indus. Comm.*,
111 Ohio St.3d 202, 2006-Ohio-5483.]

(No. 2005–1770—Submitted July 18, 2006—Decided November 8, 2006.)

Per Curiam.

{¶ 1} In this workers' compensation case, the neurologist treating the claimant, Paul Crocker, stated that the claimant's allowed conditions, bilateral carpal tunnel syndrome and bilateral reflex sympathy dystrophy, would improve. The Industrial Commission rejected that opinion, finding that the claimant had attained maximum medical improvement. Claimant then sought scheduled loss compensation for those conditions. In a new report, the neurologist reiterated his belief that the claimant's condition would improve. This time, the commission accepted that opinion and denied scheduled loss compensation as premature because claimant's loss was not permanent. We are asked to determine whether the commission abused its discretion in accepting the opinion concerning the permanency of the claimant's condition after rejecting it earlier. We hold that it did.

{¶ 2} Paul Crocker was injured on February 2, 1999. After Crocker's workers' compensation claim was allowed, temporary total disability compensation followed.

{¶ 3} On January 15, 2003, Crocker was examined by Dr. Gregory A. Ornella, on behalf of Crocker's employer, appellant Sauder Woodworking Company. Ornella opined that Crocker had reached maximum medical improvement.

{¶ 4} On February 17, 2003, Crocker's attending physician, clinical neurologist, Dr. Allan G. Clague, M.D., denied that his patient had reached maximum medical improvement and stressed that he would "certainly expect significant improvement to occur over time." He emphatically repeated that opinion on February 28, 2003.

{¶ 5} On April 25, 2003, appellant Industrial Commission of Ohio denied further temporary total disability compensation, based on Dr. Ornella's conclusion that Crocker's condition was permanent. Later, Crocker sought scheduled loss compensation under R.C. 4123.57(B), which covers permanent partial disability, for the loss of use of various fingers. On June 10, 2003, in correspondence

between Dr. Clague and Sauder Woodworking's counsel, Dr. Clague again noted, "[W]ith continued treatment of his underlying neurological disorder * * * we can rightfully expect improvement in his overall neurological status including that of the fingers of his hands."

{¶ 6} Crocker's loss-of-use motion was heard by a commission deputy on November 5, 2003. He denied Crocker's motion based on Dr. Clague's June 10, 2003 report, which had been written almost two months after the commission's order terminating temporary total disability compensation. Citing Dr. Clague's opinion that further improvement was expected, the deputy concluded that Crocker's condition was not permanent, and, hence, loss-of-use compensation was premature.

{¶ 7} Crocker filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to vacate the commission's November order as an abuse of discretion. The court of appeals agreed that the commission had abused its discretion and ordered a limited writ that ordered the commission to further consider an amended order. The court held that under *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, the commission could not reject Dr. Clague's opinion that Crocker's condition was not permanent by denying disability compensation, and then revive and rely upon that same opinion seven months later in denying Crocker's motion for scheduled loss compensation.

{¶ 8} This cause is now before this court on appeal as of right.

{¶ 9} The commission had rejected on April 23, 2003, Dr. Clague's opinion that Crocker's condition could improve, when it found maximum medical improvement and denied temporary total disability compensation. The commission then relied on Dr. Clague's June 10, 2003 report, which had expressed the same opinion in denying Crocker's loss-of-use motion. The court of appeals held that, under *Zamora,* that reliance was an abuse of discretion. Sauder Woodworking and the commission maintain that *Zamora* does not apply because the commission had never before relied on the June 10, 2003 report. They further contend that applying *Zamora* here will have far-reaching evidentiary consequences.

{¶ 10} In *Zamora,* a physically injured claimant moved simultaneously for an additional psychiatric allowance and permanent total disability based in part on the claimant's depression. Dennis Kogut, Ph.D., and Joseph Mann, M.D., agreed that the claimant suffered from moderate depression, but Dr. Kogut thought that the depression predated the injury.

{¶ 11} The commission granted the additional allowance and, in so doing, in effect rejected Dr. Kogut's opinion. It later denied permanent total disability based in part on Dr. Kogut's report. Claimant challenged that decision and prevailed judicially, as "it would be inconsistent to permit the commission to reject the Kogut report at one level, for whatever reason, and rely on it at another." *Zamora,* 45 Ohio St.3d at 19, 543 N.E.2d 87.

{¶ 12} In the case at bar, Dr. Clague, on February 17, 2003, and February 28, 2003, wrote that Crocker had not reached maximum improvement, that his condition was not permanent, and that he expected Crocker's condition to improve with continued treatment. The commission inherently rejected those reports when, on April 25, 2003, it declared that Crocker had reached maximum medical improvement.

{¶ 13} On June 10, 2003, Dr. Clague again wrote that he expected continued improvement in Crocker's hands. This time, the commission accepted that opinion and used it to deny a loss-of-use award because there was still room for improvement, and any loss was not yet permanent. This decision was, indeed, an abuse of discretion.

{¶ 14} Sauder Woodworking and the commission argue that *Zamora* can block revival of only the February 17, 2003 and February 28, 2003 reports. They argue that it cannot be used to disqualify a June 10, 2003, report that did not exist when the commission issued its April 25, 2003 maximum-medical-improvement order. In some situations, appellants would be correct, but not here.

{¶ 15} Appellants' exclusive focus on dates erodes their argument. *Zamora* would be meaningless if it were concerned only with chronology and not content. If only chronology mattered, a doctor could simply copy an old report, put a new date on it, and submit it as new evidence. *Zamora* instead seeks to prohibit exactly what happened here. In all three reports, Dr. Clague consistently issued the same opinion on the subject of further improvement: Crocker would get better with additional treatment. When Clague made that statement in February, it was deemed unpersuasive, and temporary total disability compensation was accordingly denied. When Dr. Clague made the statement in June, the commission suddenly deemed it persuasive and used it to deny Crocker's loss-of-use application. This result is unfair and inappropriate. Dr. Clague's opinion on future improvement is either persuasive or it is not. The commission cannot have it both ways, particularly to Crocker's dual detriment.

{¶ 16} Contrary to appellants' representation, this result does not mean that once a doctor's opinion has been rejected, the commission can never rely on any future report from that doctor again. What the commission cannot do is accept the same doctor's opinion on one matter that it previously rejected. In this case, the uniformity of issues rendered the commission's reliance on Dr. Clague's June 10, 2003 report an abuse of discretion.

{¶ 17} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellee.

Porter, Wright, Morris & Arthur, Christopher C. Russell, and Darin L. Van Vlerah, for appellant Sauder Woodworking Company.

Jim Petro, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellant Industrial Commission.

In re J.J.

[Cite as *In re J.J.,* 111 Ohio St.3d 205, 2006-Ohio-5484.]