THE STATE EX REL. L.P. CAVETT COMPANY, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. L.P. Cavett Co. v. Indus. Comm.,*
118 Ohio St.3d 157, 2008-Ohio-1430.]

(No. 2007–0877—Submitted February 26, 2008—Decided April 2, 2008.)

**Per Curiam.**

{¶ 1} Appellee James M. Sanders was awarded temporary total disability compensation ("TTC") from September 28, 2004, through November 8, 2005, and to continue upon submission of medical proof. His employer, appellant, L.P. Cavett Company, challenges the sufficiency of the evidence underlying that award. Sanders's workers' compensation claim was first allowed for "sprain lumbar region" and "disc herniation L5–S1." These conditions were declared to be maximally medically improved ("MMI") in 2002.

{¶ 2} In 2004, Sanders's orthopedic physician referred him for a psychological evaluation with Dr. Kent A. Eichenauer. Dr. Eichenauer diagnosed posttraumatic stress disorder and major depression and causally related them to Sanders's work injury.

{¶ 3} Cavett had Sanders examined by Dr. Jennifer J. Stoeckel. Dr. Stoeckel did not find that Sanders had posttraumatic stress disorder but did think that he suffered depression as a result of his work injury. She characterized the condition as a "depressive disorder." On April 27, 2005, appellee Industrial Commission of Ohio allowed the claim for depressive disorder.

{¶ 4} Sanders began treatment with Dr. Eichenauer after the psychiatric condition was allowed. On May 27, 2005, the doctor prepared a form C–84 Request for Temporary Total Compensation certifying temporary total disability from September 2004 to August 27, 2005, based solely on depressive disorder.

{¶ 5} In September 2005, a district hearing officer granted TTC from May 27, 2005, and to continue upon submission of medical proof based on the C–84. He denied compensation from September 28, 2004, through May 26, 2005, for lack of evidence:

{¶ 6} "Dr. Eichenauer evaluated the claimant on 09/28/2004, but did not provide treatment at that time and did not express an opinion on disability. He did not begin to regularly treat the claimant until after the claim was additionally allowed for "DEPRESSIVE DISORDER" on 04/27/2005.

{¶ 7} "Dr. Eichenauer has been treating the claimant on a weekly basis since at least 05/27/2005. * * * Thus, * * * 5/27/2005 is the appropriate date to start temporary total disability compensation."

{¶ 8} Within days, Sanders secured additional information from Dr. Eichenauer. Dr. Eichenauer's letter answered "yes" to two questions:

{¶ 9} "(1) Is it your opinion that Mr. Sanders was temporarily and totally disabled from his former position of employment as a construction worker at the time you saw him for evaluation on September 28, 2004 as a result of your diagnosed psychological condition of depressive disorder?

{¶ 10} "(2) Is it your opinion that Mr. Sanders remained temporarily and totally disabled from his former job as a construction worker from September 28, 2004 through May 26, 2005 and continuing as result of his psychological condition of depressive disorder?"

{¶ 11} Based on this document, a staff hearing officer awarded TTC from September 28, 2004, forward. Further appeal was refused.

{¶ 12} Cavett asked the Court of Appeals for Franklin County for a writ of mandamus, alleging that the commission abused its discretion in awarding TTC. The court of appeals held that Dr. Eichenauer's report supported the award and denied the writ.

{¶ 13} Cavett now appeals to this court as of right.

{¶ 14} Cavett argues that Dr. Eichenauer's C–84 form and 2005 letter cannot support an award of TTC. The court of appeals rejected this argument, and we affirm that judgment.

{¶ 15} The C–84 attributes disability to "depressive disorder," which is the allowed psychological condition in the claim. Cavett contends that because Dr. Eichenauer originally described Sanders's condition as posttraumatic stress disorder and major depression, the doctor is bound by those diagnoses and cannot now attribute Sanders's disability to depressive disorder.

{¶ 16} Cavett's argument lacks merit for two reasons. First, a medical professional is not precluded from reevaluating his or her opinion in light of new evidence. Second, Cavett's proposal would require Dr. Eichenauer to attribute every request for compensation or treatment to posttraumatic stress disorder or major depression, which would immediately invalidate every request because those conditions are not allowed in the claim.

{¶ 17} Cavett further characterizes the Eichenauer evidence as inconsistent and equivocal on par with *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87, and *State ex rel. Genuine Parts Co. v. Indus. Comm.,* 160 Ohio App.3d 99, 2005-Ohio-1447, 825 N.E.2d 1198. Both of these cases found evidentiary deficiencies so severe as to warrant disqualification of that evidence. The present case does not fall in this category.

{¶ 18} In *Genuine Parts,* a C–84 attributed temporary total disability to the allowed condition of lumbosacral sprain. 160 Ohio App.3d 99, 2005-Ohio-1447, 825 N.E.2d 1198, at ¶ 17–18. Contemporaneous treatment notes, however, referred exclusively to a nonallowed disc problem without mentioning any lumbosacral sprain. Id. at ¶ 13–14. The court of appeals, quoting the report of its magistrate, "view[ed] skeptically the discrepancy between the May 29, 2003 [disability] certification based on the five-year-old lumbosacral sprain and the office notes that fail to mention the lumbosacral sprain but discuss serious disallowed and nonallowed conditions." Id. at ¶ 33. The C–84 was accordingly rejected as evidence of disability. Id. at ¶ 6.

{¶ 19} The present facts are not comparable because Dr. Eichenauer has consistently referred to a depressive condition arising from the industrial accident, just as Dr. Stoeckel did in evaluating Sanders on Cavett's behalf. The only difference between the two opinions is the point at which Sanders's depression fell on the moderate-to-severe scale. The conditions of lumbosacral sprain and herniated disc seen in *Genuine Parts,* however, are not equivalent conditions that differ only in severity. *Genuine Parts* is thus distinguishable.

{¶ 20} Reliance on *Zamora* is also misplaced. At issue in that case was a doctor's report that related a psychological condition to nonindustrial causes. *Zamora,* 45 Ohio St.3d at 18, 543 N.E.2d 87. The commission allowed the condition based on other physicians' reports. Id. Later, however, the commission revived the earlier report as evidence supporting the denial of permanent total disability. Id. We found that the allowance of the psychological condition was an implicit rejection of the challenged report and concluded that it would be "inconsistent to permit the commission to reject the [challenged] report at one level, for whatever reason, and rely on it at another." Id. at 19, 543 N.E.2d 87.

{¶ 21} In *Zamora,* the report concluded that the employee's psychological condition was not caused by the industrial accident. The commission held that it was. Here, Dr. Eichenauer opined that Sanders had some measure of depression attributable to the industrial accident, and the commission agreed. The only "disagreement" was in the amount. We do not, therefore, find that the commission rejected Dr. Eichenauer's report when it labeled Sanders's condition "depressive disorder" rather than "major depression."

{¶ 22} Cavett's final objection to the C–84 arises from Eichenauer's responses to these inquiries:

{¶ 23} "Has the work related injury(s) or disease reached a treatment plateau at which no fundamental functional or physiological change can be expected despite continuing medical or rehabilitative intervention?  (Maximum Medical Improvement)"

{¶ 24} "If no, indicate any barriers preventing normal recovery, or maximum medical improvement."

{¶ 25} To the first question, Eichenauer answered no.  To the second, he wrote, "Needs additional psychotherapy and medical treatment for back injury."

{¶ 26} Cavett contends that because Sanders's back conditions were previously declared to be MMI, Eichenauer's reference to them disqualifies this report from consideration.  This is incorrect.  Contrary to Cavett's representation, Dr. Eichenauer is not partially attributing Sanders's temporary total disability to a condition previously declared permanent.  The C–84 specifically indicates that depressive disorder is the lone work-prohibitive condition.  Dr. Eichenauer's passing reference to further treatment for the back cannot be construed as a declaration that the back injury is contributing to claimant's temporary disability.

{¶ 27} We accordingly hold that Dr. Eichenauer's C–84 supports the award of TTC after May 27, 2005.

{¶ 28} Cavett also challenges TTC from September 28, 2004, through May 26, 2005.  That payment was based on Eichenauer's 2005 letter, which opined that Sanders was temporarily and totally disabled as early as September 28, 2004—the date of his first evaluation.  That initial examination generated a same-day report that expressed no opinion on disability.  Because it did not, Cavett asserts that Eichenauer's 2005 opinion is fatally suspect.

{¶ 29} We defer to the commission's evidentiary conclusion.  The commission stresses that Dr. Eichenauer did a comprehensive psychological exam on September 28, 2004, so this is not a situation in which an opinion is being improperly offered over a period that preceded any contact between doctor and patient.  Cavett assumes that because no disability opinion was offered, no disability existed.  The commission, however, had the prerogative to reject that assumption.  The commission did not, therefore, abuse its discretion in finding that the 2004 and 2005 reports of Dr. Eichenauer could be reconciled to support the commission's temporary total disability award.

{¶ 30} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Reminger & Reminger Co., L.P.A., Amy S. Thomas, and Paulette Ivan, for appellant.

Marc Dann, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission of Ohio.