DECISION
{¶ 1} Relator, James E. Longwell, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which denied relator's application for permanent total disability compensation and to issue a new order remanding the matter to the commission for a new hearing.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that relator had failed to demonstrate that the commission had abused its discretion and that this court should deny the requested writ.
 {¶ 3} No objections have been filed to the decision of the magistrate.
 {¶ 4} Finding no error or other defect upon the face of the magistrate's decision, we adopt the decision as our own including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Writ of mandamus denied.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. James E. Longwell, : Relator, : v. : No. 04AP-183 :
The Industrial Commission of Ohio,: (REGULAR CALENDAR) James Conrad, Administrator : Bureau of Workers' Compensation : and WCI Steel, Inc., : Respondents. :
 MAGISTRATE'S DECISION Rendered on August 23, 2004 Heller, Mass, Moro Magill Co., and Robert J. Foley, Jr.,
for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
Buckingham, Doolittle Burroughs, LLP, and Deborah Sesek,
for respondent WCI Steel, Inc.
 IN MANDAMUS {¶ 5} Relator, James E. Longwell, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering that the matter be remanded to the commission for a new hearing.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on August 7, 1991, and respondent WCI Steel, Inc. ("employer"), certified relator's claim initially for: "acute strain cervico-dorsal." In 1993, relator's claim was amended to include the following conditions: "left shoulder bursitis; degenerative disc disease T6-7 and T6-7 disc bulging; left shoulder rotator cuff tendonitis." In 1998, relator's claim was additionally allowed for "dysthymic disorder." Thereafter, relator's treating physician, Hyo H. Kim, M.D., referred him to Frederick S. Frost, M.D., for an evaluation and treatment. In his report, dated September 8, 1998, Dr. Frost concluded as follows:
* * * It is my opinion that Mr. Longwell's pain symptoms are consistent with a chronic pain syndrome, remotely associated with a neck sprain or soft tissue injury. I was unable to correlate his electrodiagnostic findings with his clinical picture or exam. Although an underlying organic pathology cannot entirely be ruled out, his depression is almost certainly a significant exacerbating factor in his symptomatology. Given the global picture, his prognosis for return to work is very poor. With regard to symptom relief, the patient might benefit from a chronic pain program with a significant psychological component. The patient's gait abnormalities appeared non-physiologic.
 {¶ 7} Thereafter, on March 11, 1999, relator's claim was further amended to include the condition: "chronic pain syndrome."
 {¶ 8} 2. Relator filed an application for PTD compensation on January 6, 2003, supported by the April 23, 2002 report of Dr. Kim who opined that relator was permanently and totally disabled from any type of gainful employment. Specifically referencing the chronic pain syndrome, Dr. Kim noted as follows:
Chronic pain related impairment was integrated into the conventional impairment rating system based on Chapter 18 on page 569. Based on the activity interference based on protocol in Table 18-4, emotional distress based on Table 18-4, pain behavior in Table 18-5, and overall credibility rating, he is classified as moderately severe pain related impairment as in page 588.
Mr. Longwell has significant impairment by both the conventional and pain related impairment rating systems. He has ongoing pain that is moderately disabling with frequent superimposed flare-ups that are severely disabling. He receives medications to control the pain on a maintenance basis and has used narcotic pain medications when there were flare-ups. He demonstrates moderate to severe affected distress in relation to his chronic pain syndrome.
 {¶ 9} 3. Relator was examined by Steven B. Van Auken, Ph.D., on behalf of the commission. Dr. Van Auken examined relator on April 23, 2003, and issued a report addressing the allowed psychological conditions. Dr. Van Auken concluded that relator's dysthymic disorder and chronic pain syndrome had reached maximum medical improvement ("MMI") as that, in spite of ongoing psychological care over the past several years, relator continues to show symptoms of depression as well as pain disorder. Dr. Van Auken assessed a ten percent impairment for the dysthymic disorder and an additional ten percent impairment attributable to the chronic pain syndrome. Dr. Van Auken concluded that, although relator could not return to his former position of employment, relator could perform some sustained remunerative employment.
 {¶ 10} 4. Relator was examined by John L. Dunne, D.O., on May 7, 2003, specifically for the allowed physical conditions. Dr. Dunne assessed a 23 percent impairment of the whole person for all the allowed physical conditions and specifically noted that the allowed physical conditions of degenerative disc disease and disc bulging at T6-7 were likely to be caused by relator's chronic pain syndrome which, as Dr. Dunne explained, he was not evaluating relator for.
 {¶ 11} 5. By order dated August 21, 2003, a staff hearing officer ("SHO") referred relator's claim to the commission's medical section after explaining that the condition of "chronic pain syndrome" is an allowed physical condition, because it was recognized based upon the reports of Drs. Kim and Frost, who are physical medicine doctors.
 {¶ 12} 6. Thereafter, relator was examined by R. Scott Krupkin, M.D., on September 17, 2003. Specifically regarding the condition of "chronic pain syndrome," Dr. Krupkin noted as follows:
* * * In addition, specific review of an independent medical examination performed by Gerald S. Steiman, M.D. suggests that while Mr. Longwell may have chronic pain that it appears to have a strong psychogenic component. Mr. Longwell readily admits to symptoms of anxiety, depression and sleep disturbance. Along with physical findings that reflect persistent and severe tenderness, diminished range of motion, diminished affect, weakness and sensory disturbances that reflect both psychogenic and physical manifestations of his allowed conditions. For that reason I would agree with Dr. Frost and others who suggest that Mr. Longwell has a chronic pain syndrome as described in Section 15.6, page 308 of the AMA Guides to the Evaluation of Permanent Impairment, 4th Edition. It is also important to note that the AMA guides, 4th edition, states that "pain is a subjective perception." As such, persistent pain as seen in chronic pain syndrome, is related to the psychosocial axis, rather than the physical assessment, for purposes of determining impairment.
 {¶ 13} 7. Relator's application for PTD compensation came before an SHO on December 3, 2003. The SHO determined that relator was not entitled to PTD compensation as he was capable of performing some sustained remunerative employment. The SHO based the decision on the reports of Drs. Dunne and Van Auken. The SHO concluded that relator's allowed physical conditions had reached MMI, that relator could perform light duty employment, and that relator's psychological conditions did not prevent him from engaging in some sustained remunerative employment. Relying in part on the vocational evaluation of Jennifer J. Stoeckel, Ph.D., the SHO determined that relator's age of 51 years would be a positive factor, that his high school education offset his limitations in reading and math, and that his work history was a positive vocational factor because it demonstrated his ability to adapt to work environments and acquire on-the-job training.
 {¶ 14} 8. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 16} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 17} Relator argues that the commission abused its discretion by denying his application for PTD compensation without considering all of the allowed conditions. Relator's rationale centers on the fact that the commission had referred relator's claim to Dr. Krupkin so that the condition of "chronic pain syndrome" could be addressed as a "physical" condition rather than "psychological" conditions. Relator alleges that the commission further abused its discretion by then denying his application for PTD compensation based upon the reports of Drs. Dunne and Van Auken, because Dr. Dunne, who examined for the allowed physical conditions, did not consider "chronic pain syndrome" in his analysis while Dr. Van Auken, who examined relator for the allowed psychological conditions, did. Relator contends that the reports of Drs. Dunne and Van Auken had been rejected by the commission and that, pursuant to State ex rel.Zamora v. Indus. Comm. (1989), 45 Ohio St.3d 17, the commission could not, thereafter, rely upon them. For the reasons that follow, this magistrate disagrees.
 {¶ 18} Relator is correct to assert that the commission cannot deny an application for PTD compensation if the commission does not consider and address all of the allowed conditions. The question then becomes whether or not the doctors reports, upon whom the commission relied, considered all of the allowed conditions. Relator points to the fact that the commission had, through an interlocutory order, referred his claim to Dr. Krupkin under the theory that "chronic pain syndrome" was an allowed physical condition and not an allowed psychological condition. At that time, the commission had before it the report of Dr. Dunne who, after examining relator for the allowed physical conditions, did not include an analysis with regard to the "chronic pain syndrome" and a psychological report, from Dr. Van Auken, who did consider "chronic pain syndrome" as an allowed psychological condition. In his report, Dr. Krupkin specifically noted that pain is subjective and is related to the psychosocial axis rather than the physical assessment for purposes of determining impairment. Thereafter, when the matter was referred back to an SHO for determination of relator's application for PTD compensation, the commission specifically relied upon the reports of Drs. Dunne and Van Auken in concluding that relator was capable of performing light duty employment and that his psychological conditions would not prevent a return to some sustained remunerative employment.
 {¶ 19} Contrary to relator's assertions, Zamora, does not apply in the present case to bar the commission from considering the reports of Drs. Dunne and Van Auken. In Zamora, the Ohio Supreme Court held that the commission could not revive reports from doctors which the commission had implicitly rejected in rendering an order granting or denying compensation or allowing/disallowing certain conditions. In such an instance, the commission has issued an order which has become final from the standpoint that the parties can no longer contest the outcome. By comparison, in the present case, the commission issued an interlocutory order referring the matter to Dr. Krupkin to analyze the condition of "chronic pain syndrome" from a physical standpoint rather than a psychological standpoint. Pursuant to that order, Dr. Krupkin explained that, "chronic pain syndrome" needs to be evaluated by someone in the psychological arena. Upon returning it to the commission, the commission obviously adopted Dr. Krupkin's opinion and, based upon the reports which were already in evidence, denied relator's claim. The difference between this case and the Zamora case, is that the interlocutory order was not a final order and, as such, Zamora
does not apply. Because Drs. Dunne and Van Auken's reports do consider all the allowed conditions, relator's arguments that the commission ultimately denied his application based upon a review of less than all the allowed conditions is not well-taken.
 {¶ 20} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion by relying upon medical reports which had been previously rejected and that the commission's decision denying his application for PTD compensation was based upon a consideration of all the allowed conditions. As such, finding no other error on the face of the commission's order, this magistrate finds that this court should deny relator's request for a writ of mandamus.
 /s/Stephanie Bisca Brooks 
STEPHANIE BISCA BROOKS MAGISTRATE