DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Juan Portman, commenced this original action in mandamus seeking to require respondent Industrial Commission of Ohio ("commission") to vacate its order terminating relator's temporary total disability ("TTD") compensation as of December 3, 2002, based upon relator having reached maximum medical improvement ("MMI"). Relator alleges that the medical report upon which the commission relied does not constitute "some evidence" to support its determination.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that the commission properly determined that Dr. Skillings' report was some evidence upon which the commission could rely in finding that relator had reached MMI with regard to the aggravation of relator's pre-existing psychological condition.
 {¶ 3} Relator has filed objections to the magistrate's decision essentially arguing that the commission could not rely on Dr. Skillings' report because Dr. Skillings' opinion regarding MMI was based upon a condition different from the allowed condition in the claim. Therefore, relator argues that Dr. Skillings' report was not some evidence upon which the commission could rely. We agree.
 {¶ 4} Dr. Skillings expressed two opinions concerning the additional allowance of a pre-existing psychological condition: (1) he agreed that relator had a pre-existing psychological condition which was aggravated by his industrial injury; and (2) he disagreed with the diagnosis of "major depression" which had been identified by relator's attending psychiatrist. Dr. Skillings wrote that relator did not meet the criteria for that condition, but opined that relator's industrial injury aggravated the less serious pre-existing condition of "depressive disorder."
 {¶ 5} Dr. Skillings wrote:
Submitted medical evidence does not confirm a major depression. Qualities of being depressed most of the day, nearly every day, diminished cognitive abilities are not met according the DSM IV criteria.
 {¶ 6} Dr. Skillings then goes on to opine that the condition he diagnosed, "depressive disorder," had reached MMI.
 {¶ 7} There is no dispute that the commission adopted that portion of Dr. Skillings' opinion that relator's industrial injury aggravated a pre-existing psychological condition. However, it is equally clear that the commission rejected Dr. Skillings' diagnostic opinion that the aggravated pre-existing psychological condition should be something less than the more serious condition of "major depression." By specifically rejecting the diagnosis of "major depression" as the pre-existing psychological condition that was eventually allowed by the commission, his report is not "some evidence" which properly supports the termination of TTD. Moreover, the commission could not appropriately rely upon Dr. Skillings' opinion that relator had reached MMI when that opinion was based on a condition ("depressive disorder") that differed from the allowed condition ("major depression").
 {¶ 8} Following an independent review of this matter, we sustain relator's objections to the magistrate's decision. We adopt the findings of fact contained in the magistrate's decision, but not the conclusions of law. We remand this matter to the commission for a re-determination of TTD without reliance on the report of Dr. Skillings.
Objections sustained; writ of mandamus granted.
Brown, P.J., and Bryant, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Juan Portman,:
 Relator, :
v. : No. 04AP-135
Manpower, Inc. of Springfield Ohio : (REGULAR CALENDAR)
and Industrial Commission of Ohio,
 Respopndents. :
 MAGISTRATE'S DECISION Rendered on July 21, 2004 Koltak Gibson, L.L.P., and Ronald J. Koltak, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 9} Relator, Juan Portman, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which terminated relator's temporary total disability ("TTD") compensation as of December 3, 2002, on the basis that relator had reached maximum medical improvement ("MMI") based upon a medical report which relator contends does not constitute "some evidence" upon which the commission could have rightfully relied.
Findings of Fact:
 {¶ 10} 1. Relator sustained a work-related injury on December 23, 1995, and his claim was originally allowed for "sprain of neck; sprain lumbar region; acute cervical strain; lumbosacral strain; lumbar herniated nucleus pulposus."
 {¶ 11} 2. On October 22, 2002, relator filed a motion requesting that his claim be additionally allowed for "aggravation of pre-existing major depression." Relator's motion was supported by the June 24, 2002 report of his treating physician, Dr. Mark A. Smith, who had diagnosed relator with "Major Depressive Disorder" and noted further that "the injury caused an aggravation of depression." Relator's motion was also supported by the September 9, 2002 psychological assessment performed by Dr. Lee Howard. In his in depth report, Dr. Howard noted that relator suffered from major depression, that this condition predated his industrial injury; however, his condition had been aggravated by the industrial injury and that the industrial injury is the primary factor maintaining relator's current depression as well as his related chronic pain.
 {¶ 12} 3. Relator was also examined by Dr. Ralph Skillings, who issued a report dated December 6, 2002. Following his examination of relator, Dr. Skillings concluded that he did not believe that the evidence supported the diagnosis of "[m]ajor depression," but that it more properly fit under the diagnosis of "Depressive Disorder NOS 311." However, when asked whether the allowed condition is a direct and proximate result of the industrial injury and whether the condition was aggravated by the industrial injury, Dr. Skillings stated as follows:
Depression condition was present prior to the injury. Both physician and psychological reviews suggest that his injury has become chronic and is a significant impairment. The injury then is considered to have aggravated his psychological condition.
 {¶ 13} In response to the question of whether relator had reached MMI, Dr. Skillings concluded as follows:
In my opinion Mr. Portman has reached MMI regarding Depressive condition. The existence of psychopathology is confirmed primarily through clinical reports of physicians more than this claimant. The claimant's marginal validity with objective tests in the past and invalid indicators within the present exam further confirm his effort to embellish symptoms. He is now seven years post injury and more likely than not has shown stability of his symptoms. In my opinion he has reached MMI.
 {¶ 14} 4. Relator's motion requesting this claim be additionally allowed for was heard before a district hearing officer ("DHO") on March 4, 2003. The DHO granted relator's motion as follows:
This claim is additionally allowed for "AGGRAVATION OF PRE-EXISTING MAJOR DEPRESSION" based on the 06/24/2002 report of Dr. Smith, the 09/09/2002 report of Dr. Howard and, to a lesser degree, the 12/06/2002 report of Dr. Skillings.
 {¶ 15} 5. Thereafter, on April 9, 2003, relator filed a request for TTD compensation from March 3, 2001 to May 1, 2003, based upon the C-84 prepared by Dr. Smith.
 {¶ 16} 6. Relator's motion was heard before a DHO on June 26, 2003, and resulted in an order denying the requested compensation on the basis that the C-84 signed by Dr. Smith on March 20, 2003, backdated the request by over two years and that there was no narrative report from Dr. Smith on file addressing the issue.
 {¶ 17} 7. Upon appeal, the matter was heard before a staff hearing officer ("SHO") on August 5, 2003. The SHO vacated the prior DHO order. The SHO denied TTD compensation from March 1, 2001 through April 8, 2001, pursuant to R.C. 4123.52, which provides that the award cannot be made for a back period in excess of two years prior to the date of the filing of the application. Thereafter, the SHO ordered TTD compensation paid from April 9, 2001 through December 2, 2002, based upon Dr. Smith's C-84 but terminated TTD compensation effective December 2, 2002, based upon the December 6, 2002 report of Dr. Skillings who had concluded that relator had reached MMI.
 {¶ 18} 8. Relator's appeal was refused by order of the commission mailed September 16, 2003.
 {¶ 19} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} Relator contends that Dr. Skillings refused to acknowledge the allowed psychological condition and that his report could not be used as some evidence to support the commission's order terminating his TTD compensation based upon a finding of MMI. Relator points out that Dr. Skillings indicated in his report that he believed the proper underlying diagnosis for relator's pre-existing psychological condition would be "depressive disorder" and not "major depression." Because of this distinction, relator contends that the commission abused its discretion in relying upon Dr. Skillings' medical opinion that the aggravation of relator's underlying psychological condition had reached MMI. For the reasons that follow, this magistrate disagrees.
 {¶ 22} At the time that Dr. Skillings examined relator in December 2000, relator's claim had not yet been additionally allowed for the condition of "aggravation of pre-existing major depression." Instead, relator had filed a motion requesting that his claim be additionally allowed for that psychological condition and Dr. Skillings was providing an examination and report at the request of the Ohio Bureau of Workers' Compensation. At the beginning of his report, Dr. Skillings listed all of the allowed physical conditions. Because no psychological conditions had as yet been allowed, Dr. Skillings did not note any.
 {¶ 23} At the conclusion of his report, Dr. Skillings was asked whether, based upon the submitted medical evidence and his examination findings, relator suffered from an aggravation of a pre-existing depression condition. Based upon his review of the medical evidence and his own examination, Dr. Skillings opined that relator did not suffer from the underlying condition of "[m]ajor depression," but that his underlying psychological condition would more properly fit the diagnosis of "Depressive Disorder NOS 311." As the court stated in State ex rel.Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693, a doctor is not required to merely parrot the allowed conditions as part of his medical findings. In Domjancic, the examining physician determined, upon examination, that there was no evidence of herniated disc. Because the doctor had listed all of the allowed conditions, including the herniated disc, at the beginning of his report, the court held that the fact that the doctor found no evidence of a herniated disc does not amount to a repudiation of the allowance. Furthermore, in State ex rel. Kroger v.Indus. Comm. (1997), 80 Ohio St.3d 483, the court noted that, in the area of psychiatry, some flexibility in terms of diagnosis is permissible. More important, however, is that the symptoms of the different diagnoses be the same, the doctor refered to those symptoms as having been disabling, and the doctor relates the symptomatology to the industrial injury. Kroger, at 490. Dr. Skillings' report meets these criteria.
 {¶ 24} In the present case, at the time of the examination, relator's claim had not yet been allowed for any psychological condition. As such, Dr. Skillings was not required to accept that relator suffered from "aggravation of pre-existing major depression." However, in examining him, Dr. Skillings did determine that relator suffered from an underlying depression condition which Dr. Skillings diagnosed as "Depressive Disorder NOS 311." Dr. Skillings then specifically went on to opine that relator had suffered an aggravation of his underlying psychological condition. Based upon the reports of relator's treating physicians, as well as the report of Dr. Skillings, the commission additionally allowed relator's claim for "aggravation of pre-existing major depression." Further in his report, Dr. Skillings had concluded that relator's aggravation of his depressive condition had reached MMI. Dr. Skillings noted that relator was seven years post-injury and opined that his symptoms were stable and he had reached MMI.
 {¶ 25} Because the commission is the sole evaluator of evidentiary weight and issues of credibility, see Teece, this magistrate finds that the commission properly found Dr. Skillings' report to be credible on the issue of whether relator had reached MMI with regard to the aggravation of his pre-existing psychological condition. Relator further argues that, pursuant to State ex rel. Zamora v. Indus. Comm. (1989),45 Ohio St.3d 17, Dr. Skillings' report cannot constitute some evidence upon which the commission could rely. However, Zamora is not applicable to this factual situation. Pursuant to the dictates of Zamora, the commission cannot rely upon a report that it previously rejected. In the present case, on the issue of whether or not relator's claim should be additionally allowed for an aggravation of relator's pre-existing psychological condition, the commission had specifically relied, in part, upon the report of Dr. Skillings. As such, contrary to relator's assertions, the report of Dr. Skillings never was rejected by the commission and Zamora does not apply.
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in relying upon the medical report of Dr. Skillings to conclude that relator's allowed psychological condition had reached MMI and relator's request for a writ of mandamus should be denied.