THE STATE EX REL. DINGUS, APPELLANT, *v.* QUINN DEVELOPMENT COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Dingus v. Quinn Dev. Co.* (1994), 70 Ohio St.3d 580.]

(No. 93–1893—Submitted August 17, 1994—Decided October 19, 1994.)

*Michael J. Muldoon,* for appellant.

*Lee Fisher,* Attorney General, and *Melanie Cornelius,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant asserts that permanent total disability compensation should begin as of May 23, 1984—the date of his application. Because the commission's decision is supported by "some evidence," claimant's argument fails.

The May 14, 1990 starting date coincides with the date of Dr. Ward's report, on which the commission relied to award permanent total disability compensation. Ward's report provides "some evidence" supporting the commission's decision. That other evidence could have supported a different date is immaterial, since that evidence—namely the February 12, 1990 report of Dr. Emmanuel D. Noche—was not evidence on which the commission relied. While the commission order also cited Dr. Smith's April 20, 1984 report, it did not abuse its discretion in not awarding compensation as of that date since, unlike Dr. Ward, Dr. Smith limited his opinion to the preclusion of claimant's return to his former position of employment.

The appellate court's judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and PFEIFER, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.