THE STATE EX REL. KELSEY HAYES COMPANY, APPELLANT, *v.*

GRASHEL ET AL., APPELLEES.

[Cite as *State ex rel. Kelsey Hayes Co. v. Grashel*, 138 Ohio St.3d 297,

2013-Ohio-4959.]

*Workers' compensation—Voluntary abandonment of workforce precludes compensation for permanent total disability.*

(No. 2012-0032—Submitted July 9, 2013—Decided November 14, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-386,

2011-Ohio-6169.

_____

**Per Curiam**.

{¶ 1}   Kelsey Hayes Company appeals the judgment of the Tenth District Court of Appeals, which denied its request for a writ of mandamus to require the Industrial Commission to vacate its order awarding former employee Arthur Grashel permanent-total-disability compensation after he had retired.   Kelsey Hayes contends that the commission abused its discretion when it concluded that Grashel had not voluntarily abandoned the workforce and had remained eligible for permanent-total-disability benefits.

{¶ 2}   Because the Industrial Commission had conclusively established in March 2005 that the exacerbation of Grashel's symptoms that forced him to stop working in 2004 was caused by smoking, not by the allowed conditions in his claim, the commission abused its discretion when it determined that Grashel's decision to stop working was not a voluntary abandonment of the workforce. Consequently, we reverse the judgment of the court of appeals.

{¶ 3}   Grashel worked as a machinist for Kelsey Hayes.   He filed a workers' compensation claim that was allowed for hypersensitivity pneumonitis

and hypersensitivity-induced reactive upper-airway disease, with June 13, 2001, recognized as the date of injury. He received temporary-total-disability compensation for a period of time and then returned to work in May 2003 on the assembly side of the plant, away from the fumes that aggravated his condition.

**{¶ 4}** Eventually, his symptoms returned. He stopped working on September 20, 2004, on the advice of his treating physician, Dr. Pue. Grashel moved for temporary-total-disability compensation for the period September 20, 2004, through November 15, 2004, supported by records from Dr. Pue.

**{¶ 5}** On November 17, 2004, shortly after Grashel stopped working, he was examined by David M. Rosenberg, M.D., who concluded:

> Mr. Grashel has mild airflow obstruction, which is unchanged compared to two years ago. This mild airways disease * * * undoubtedly relates to his long and continued cigarette smoking. He has only a mild degree of impairment, and clearly is not disabled from performing his employment. * * * [T]here is no objective basis to indicate this has been related to either of the allowed conditions of hypersensitivity-induced reactive airways disease or hypersensitivity pneumonitis (HP). He clearly does not have HP based on the absence of interstitial changes on chest X-ray, a normal diffusing capacity and no evidence of restriction. Also, he does not have hypersensitivity-induced reactive airways disease. He simply has mild obstructive lung disease related to his long and continued * * * smoking history, and his treatment since September is simply for this respiratory problem.

**{¶ 6}** At the end of 2004, Grashel, then age 62, elected to take Social Security retirement benefits because he had not returned to work.

2

{¶ 7} Following a hearing on February 22, 2005, a staff hearing officer denied Grashel's request for temporary-total-disability compensation. The commission relied on Dr. Rosenberg's opinion that Grashel's smoking-related chronic obstructive pulmonary disease caused his exacerbated symptoms. The hearing officer determined that Grashel was not disabled when he left work in September 2004 due to his allowed conditions. In doing so, the commission rejected the evidence submitted from Dr. Pue—his note dated September 20, 2004, and his record of a November 8, 2004 office visit—both of which merely acknowledged the exacerbation of Grashel's symptoms and attributed them to his allowed conditions. The commission's 2005 order became final.

{¶ 8} On May 5, 2005, Grashel filed his first application for permanent-total-disability compensation. A staff hearing officer concluded that Grashel retained some capacity to work and denied his application. The hearing officer acknowledged that Grashel "testified at [the] hearing that he was forced to take an early social security retirement due to having no income since September of 2004, as his temporary total disability compensation after September of 2004 was denied in this claim."

{¶ 9} On July 18, 2007, Grashel filed a second application for permanent-total-disability compensation supported by a June 11, 2007 report from Dr. Pue, in which he opined that Grashel was permanently and totally disabled. A staff hearing officer awarded Grashel compensation as of June 11, 2007, the date of Dr. Pue's report. The order did not mention Grashel's retirement in 2004.

{¶ 10} On February 24, 2009, the Tenth District Court of Appeals issued a limited writ ordering the commission to rehear the matter and to consider whether Grashel had voluntarily abandoned the workforce when he retired in 2004. *State ex rel. Kelsey Hayes Co. v. Grashel*, 10th Dist. Franklin No. 08AP-484, 2009-Ohio-818.

**{¶ 11}** Following a hearing on September 1, 2009, a staff hearing officer again awarded Grashel permanent-total-disability benefits. The hearing officer concluded that Grashel had left the workforce due to the allowed conditions in his claim; thus, he remained eligible for permanent-total-disability benefits. The hearing officer further relied on Dr. Pue's June 11, 2007 report to conclude that Grashel was permanently and totally disabled.

**{¶ 12}** Kelsey Hayes filed another complaint for mandamus, alleging that the commission abused its discretion when it granted permanent-total-disability compensation to Grashel. The court of appeals denied the writ.

**{¶ 13}** This cause is now before the court on an appeal as of right.

**{¶ 14}** "An employee who retires prior to becoming permanently and totally disabled is precluded from eligibility for permanent total disability compensation only if the retirement is voluntary and constitutes an abandonment of the entire job market." *State ex rel. Baker Material Handling Corp. v. Indus. Comm.*, 69 Ohio St.3d 202, 631 N.E.2d 138 (1994), paragraph two of the syllabus. In 2009, when the commission adjudicated Grashel's request for permanent-total-disability compensation, it had to determine whether Grashel had voluntarily abandoned the workforce in September 2004. "If evidence of voluntary removal or retirement is brought into issue, the adjudicator shall consider evidence that is submitted of the injured worker's medical condition at or near the time of removal/retirement." Ohio Adm.Code 4121-3-34(D)(1)(d).

**{¶ 15}** Contrary to this directive, the commission did not consider all the evidence of Grashel's medical condition at the time he left the workforce. The commission did not consider Dr. Rosenberg's November 2004 opinion or the commission's 2005 order that conclusively determined that Grashel's increased symptoms were caused by a nonallowed condition.

**{¶ 16}** Instead, the commission relied on medical evidence that it had rejected in 2005—a note from Dr. Pue dated September 20, 2004, written on a

4

prescription slip, which stated that Grashel should be removed from the work environment immediately due to increased symptoms, and a report based on Grashel's office visit of November 8, 2004. Because it is inconsistent for the commission to reject Dr. Pue's opinion in 2005 but rely on it in 2009, the opinion cannot constitute evidence to support the commission's decision that Grashel's allowed conditions caused the exacerbation of his symptoms. *State ex rel. Zamora v. Indus. Comm.,* 45 Ohio St.3d 17, 19, 543 N.E.2d 87 (1989).

{¶ 17} The court of appeals cited an exception to *Zamora* to justify the commission's use of Dr. Pue's records to corroborate Grashel's testimony. *State ex rel. Verbanek v. Indus. Comm.*, 73 Ohio St.3d 562, 653 N.E.2d 374 (1995). *Verbanek* recognized that a claimant's medical history given to a physician may be severed from that physician's opinion. This is because the credibility of the claimant's recited medical history does not depend on the opinion. But in this case, there is nothing to sever from Dr. Pue's statements in 2004 that could be used to corroborate Grashel's testimony. The exception to *Zamora* does not apply. The entire record of Dr. Pue is tainted and cannot be considered as evidence to support the commission's decision.

{¶ 18} Kelsey Hayes further maintains that not only did Grashel voluntarily retire in 2004 but he also failed to seek other employment or vocational training, thereby abandoning the entire job market and making himself ineligible for compensation for permanent total disability. *State ex rel. Baker Material Handling Corp.,* 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus.

{¶ 19} We agree that the evidence clearly demonstrates that Grashel had abandoned the entire job market. After he stopped working in September 2004, there is no evidence that he sought other employment. He did not attempt vocational rehabilitation despite statements from his treating physician indicating that he could return to work in an environment away from the fumes that had

aggravated his condition. In October 2005, Grashel testified before the commission that he had opted to take an early social security retirement for financial reasons after his claim for temporary-total-disability compensation was denied in 2005.

{¶ 20} Therefore, based upon the evidence before the commission, Grashel was not disabled by his allowed conditions when he stopped working on September 20, 2004. Thus, he voluntarily abandoned the workforce at that time and eventually the entire job market. Therefore, he was not eligible for permanent-total-disability compensation after retirement.

{¶ 21} We reverse the judgment of the court of appeals and grant a writ of mandamus ordering the commission to vacate its previous order and issue a new order denying permanent-total-disability compensation.

Judgment reversed
and writ granted.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.
PFEIFER, FRENCH, and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting**.

{¶ 22} I respectfully dissent. I believe that the record contains evidence supporting the Industrial Commission's decision in 2009 that Arthur Grashel left the workforce in September 2004 because of increased symptoms related to the allowed conditions in his industrial claim. Therefore, I agree with the court of appeals that the commission did not abuse its discretion when it determined that Grashel had not voluntarily abandoned the workforce.

{¶ 23} The majority opinion states that the commission conclusively established in 2005 that Grashel's increased symptoms were due to his history of smoking. The issue before the commission at that time, however, was whether Grashel was temporarily disabled in 2004 as a result of his allowed conditions.

6

The parties did not litigate and the commission did not address the issue of voluntary abandonment at that time.

{¶ 24} In 2009, when that issue was directly before the commission, the hearing officer relied on Grashel's testimony that he had been forced to stop working because of his industrial injury. The commission used Dr. Pue's September 20, 2004 note and November 8, 2004 medical record merely to corroborate Grashel's testimony that he left work in 2004 due to breathing problems related to the industrial injury even though the industrial injury was not the proximate cause of claimant's disability. As the court of appeals reasoned, the commission may reject one conclusion of a medical report yet draw its own conclusion from the same medical information. *State ex rel. Fries v. Bur. of Workers' Comp.,* 10th Dist. Franklin No. 01AP-721, 2002-Ohio-3252, ¶ 9.

{¶ 25} Once the commission determined that Grashel's job departure was involuntary, the employer's argument of voluntary abandonment failed, and there was no need for the commission's analysis to continue. Thus, the commission did not abuse its discretion when it did not address whether Grashel had abandoned the entire job market.

{¶ 26} The commission has the exclusive responsibility to assess the weight and credibility of the evidence; our role is limited to determining whether there is evidence in the record to support the commission's stated basis for its decision. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987). Although there may be evidence that could support a different decision, that alone does not mean that the commission abused its discretion. *State ex rel. Dingus v. Quinn Dev. Co*., 70 Ohio St.3d 580, 639 N.E.2d 1184 (1994). Because the commission's decision that Grashel did not voluntarily abandon his employment was supported by evidence, the commission did not abuse its discretion when it awarded Grashel permanent-total-disability compensation. I would affirm the judgment of the court of appeals.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

_____

Critchfield, Critchfield & Johnston, Ltd., and Susan E. Baker, for appellant.

Philip J. Fulton Law Office, Chelsea J. Fulton, and Michael P. Dusseau, for appellee Arthur Grashel.

Michael DeWine, Attorney General, and LaTawnda N. Moore, Assistant Attorney General, for appellee Industrial Commission.

_____