*301 Pfeifer, J.,
dissenting.
{¶ 22} I respectfully dissent. I believe that the record contains evidence supporting the Industrial Commission’s decision in 2009 that Arthur Grashel left the workforce in September 2004 because of increased symptoms related to the allowed conditions in his industrial claim. Therefore, I agree with the court of appeals that the commission did not abuse its discretion when it determined that Grashel had not voluntarily abandoned the workforce.
{¶ 23} The majority opinion states that the commission conclusively established in 2005 that Grashel’s increased symptoms were due to his history of smoking. The issue before the commission at that time, however, was whether Grashel was temporarily disabled in 2004 as a result of his allowed conditions. The parties did not litigate and the commission did not address the issue of voluntary abandonment at that time.
{¶ 24} In 2009, when that issue was directly before the commission, the hearing officer relied on Grashel’s testimony that he had been forced to stop working because of his industrial injury. The commission used Dr. Pue’s September 20, 2004 note and November 8, 2004 medical record merely to corroborate Grashel’s testimony that he left work in 2004 due to breathing problems related to the industrial injury even though the industrial injury was not the proximate cause of claimant’s disability. As the court of appeals reasoned, the commission may reject one conclusion of a medical report yet draw its own conclusion from the same medical information. State ex rel. Fries v. Bur. of Workers’ Comp., 10th Dist. Franklin No. 01AP-721, 2002-Ohio-3252, 2002 WL 1377785, ¶ 9.
{¶ 25} Once the commission determined that Grashel’s job departure was involuntary, the employer’s argument of voluntary abandonment failed, and there was no need for the commission’s analysis to continue. Thus, the commission did not abuse its discretion when it did not address whether Grashel had abandoned the entire job market.
{¶ 26} The commission has the exclusive responsibility to assess the weight and credibility of the evidence; our role is limited to determining whether there is evidence in the record to support the commission’s stated basis for its decision. State ex rel. Burley v. Coil Packing, Inc., 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987). Although there may be evidence that could support a different decision, that alone does not mean that the commission abused its discretion. State ex rel. Dingus v. Quinn Dev. Co., 70 Ohio St.3d 580, 639 N.E.2d 1184 (1994). Because the commission’s decision that Grashel did not voluntarily abandon his employment was supported by evidence, the commission did not abuse its discretion when it awarded Grashel permanent-total-disability compensation. I would affirm the judgment of the court of appeals.
French and O’Neill, JJ., concur in the foregoing opinion.
*302 Critchfield, Critchfield & Johnston, Ltd., and Susan E. Baker, for appellant.
Philip J. Fulton Law Office, Chelsea J. Fulton, and Michael P. Dusseau, for appellee Arthur Grashel.
Michael DeWine, Attorney General, and LaTawnda N. Moore, Assistant Attorney General, for appellee Industrial Commission.