[Cite as *State ex rel. AVI Food Sys. v. Indus. Comm.*, 2017-Ohio-8645.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. AVI Food Systems, Inc., | : | |
| Relator, | : | |
| v. | : | No. 17AP-14 |
| The Industrial Commission of Ohio and Paul Zapol | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2017

**On brief:** *Gottfried Sommers LLC, R. Mark Gottfried*, and *Sandra Becher Sommers*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *LaTawnda N. Moore*, for respondent Industrial Commission of Ohio.

**On brief:** *Dworken & Bernstein Co., L.P.A.*, and *Jonathan T. Stender*, for respondent Paul Zapol.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, AVI Food Systems, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting permanent total disability ("PTD") compensation to respondent, Paul Zapol ("claimant"), and to enter an order denying claimant said compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law. The magistrate found that Dr. Kaffen's report is some evidence supporting the grant of PTD compensation. Dr. Kaffen attributed the claimant's symptoms to an allowed condition. The magistrate noted that even though there was other evidence presented to the commission indicating that the claimant's symptoms were caused by nonallowed conditions, questions of credibility and the weight to be given evidence is within the discretion of the commission as factfinder. Therefore, the magistrate found that commission did not abuse its discretion in granting the claimant PTD compensation.

{¶ 3} However, the magistrate also found that the commission abused its discretion when it adjusted the start date for the award of PTD compensation based upon the report of Dr. DeMicco, a report on which the commission did not rely in granting claimant PTD compensation. Citing *State ex rel. Dingus v. Quinn Dev. Co.*, 70 Ohio St.3d 580 (1994), the magistrate found that even if a medical report supported an earlier start date for an award of compensation, that medical report is immaterial if the commission did not rely on that report when it awarded PTD compensation. Accordingly, the magistrate has recommended that we deny relator's request for a writ of mandamus to the extent it seeks to vacate the award of PTD compensation, but grant a limited writ of mandamus ordering the commission to use June 8, 2015, the date of Dr. Kaffen's report, as the start date for the award.

{¶ 4} Relator has filed an objection to the magistrate's decision. Relator contends that Dr. Kaffen's report is internally inconsistent, and therefore, is not evidence upon which the commission could rely in granting the claimant PTD compensation. We disagree.

{¶ 5} Relator's argument is premised on its assertion that Dr. Kaffen's report is internally inconsistent. We fail to see an inconsistency in Dr. Kaffen's report. Dr. Kaffen indicates that although surgery alleviated the claimant's disc protusion, the surgery did not resolve claimant's pain and related symptoms. Dr. Kaffen attributed the claimant's pain and symptoms to the allowed condition. Therefore, Dr. Kaffen's report is some evidence supporting the commission's grant of PTD compensation. The fact that there is

other medical evidence in the record that attributes the claimant's symptoms to nonallowed conditions does not demonstrate that the commission abused its discretion as the factfinder. Therefore, we overrule relator's objection.

{¶ 6} The claimant has also filed an objection to the magistrate's decision. The claimant argues that the magistrate erred when she found that the commission could not base the start date for PTD compensation on a medical report not relied upon by the commission in awarding PTD. Again, we disagree.

{¶ 7} In *Dingus*, the Supreme Court of Ohio indicated that even though there may be evidence in the record that could support a different start date for PTD, that evidence is "immaterial" to a determination of the start date if it was not evidence on which the commission relied. Here, the commission did not rely on the report of Dr. DeMicco in awarding PTD. Therefore, pursuant to *Dingus*, the magistrate correctly determined that the commission abused its discretion when it adjusted the start date for claimant's PTD compensation based on the report of Dr. DeMicco. We also note that the commission did not file objections to the magistrate's decision. Because the magistrate did not err in applying *Dingus*, we overrule the claimant's objection.

{¶ 8} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant a limited writ of mandamus ordering the commission to use June 8, 2015, the date of Dr. Kaffen's report, as the start date for the claimant's PTD award.

*Objections overruled; limited writ of mandamus granted.*

SADLER and BRUNNER, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. AVI Food Systems, Inc., | : | |
| Relator, | : | |
| v. | : | No.  17AP-14 |
| The Industrial Commission of Ohio and Paul Zapol, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 30, 2017

*Gottfried Sommers LLC, R. Mark Gottfried,* and *Sandra Becher Sommers,* for relator.

*Michael DeWine,* Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

*Dworken & Bernstein Co., L.P.A.*, and *Jonathan T. Stender,* for respondent Paul Zapol.

IN MANDAMUS

{¶ 9}   Relator, AVI Food Systems, Inc., has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Paul Zapol ("claimant"), and ordering the commission to find that claimant is not entitled to that compensation.

<u>Findings of Fact</u>:

{¶ 10} 1. Claimant sustained a work-related injury on December 30, 2010, and his workers' compensation claim was allowed for the following conditions: "Lumbar sprain; disc protrusion L4-5; dysthymic disorder."

{¶ 11} 2. Claimant underwent two surgical procedures for his allowed back injury: a laminectomy in November 2011, and a fusion in September 2012.

{¶ 12} 3. Claimant's last receipt of temporary total disability ("TTD") compensation was for his allowed psychological condition and it was terminated effective March 18, 2015, based on a finding that his allowed psychological condition had reached maximum medical improvement ("MMI").

{¶ 13} 4. Claimant filed his application for PTD compensation on January 16, 2015. At the time he filed his application, claimant was 63 years of age, had not filed for any other type of disability compensation, had completed high school, and was able to read, write, and perform basic math. Claimant indicated that he uses a cane at all times and had pursued physical rehabilitation several times without any improvement.

{¶ 14} 5. Claimant's application for PTD compensation was supported by the September 19, 2014 report of Louis J. DeMicco, D.O., and the June 8, 2015 report of Sheldon Kaffen, M.D. Dr. DeMicco stated that both of claimant's surgeries were considered failures, that he has significant limitations secondary to his industrial injury, and that he is unable to stand, sit, or walk for any length of time. Dr. DeMicco also noted that claimant was unable to lift or carry heavy objects, has an antalgic gate, takes pain medicine, has difficulty performing activities of daily living, and uses a cane. Thereafter, Dr. DeMicco noted his physical findings on examination, reviewed a functional capacity evaluation that had been performed the previous year, and concluded that claimant was unable to perform any sustained remunerative employment.

{¶ 15} Dr. Kaffen identified the allowed conditions in claimant's claim and discussed the treatment he had received. Thereafter, Dr. Kaffen provided his physical findings on examination, discussed the medical records which he reviewed, opined that claimant's allowed physical conditions had reached MMI, that he had a 23 percent whole person impairment, and further opined that claimant was incapable of work activity.

{¶ 16} 6. The record also contains a report from Nicholas Ahn, M.D. In his May 2, 2015 report, Dr. Ahn identified the allowed conditions in claimant's claim and discussed the treatment which he had received. Thereafter, Dr. Ahn discussed the medical records which he reviewed and provided his findings. Ultimately, Dr. Ahn concluded that claimant was not permanently and totally disabled specifically noting that claimant had no evidence of radiculopathy or myelopathy. Dr. Ahn opined that claimant should avoid lifting heavy items greater than 30 to 40 pounds on a consistent basis and should not perform work that required repetitive bending, lifting, or twisting. Dr. Ahn concluded that claimant could perform sedentary to light-duty work.

{¶ 17} 7. In a tentative order mailed September 26, 2015, a staff hearing officer ("SHO") determined that claimant's application for PTD compensation should be granted based on the report of Dr. DeMicco.

{¶ 18} 8. Relator objected to the tentative order and a hearing was held before a second SHO on July 13, 2016.

{¶ 19} 9. The second SHO also granted claimant's application for PTD compensation but based that decision on the June 8, 2015 report of Dr. Kaffen.

{¶ 20} 10. Claimant filed a motion asking the commission to readjust the start date for the payment of PTD compensation from June 8, 2015, the date of Dr. Kaffen's report, to September 19, 2014, the date of Dr. DeMicco's report.

{¶ 21} 11. Following a hearing before an SHO on September 15, 2016, the SHO determined that claimant presented sufficient medical evidence to support the payment of PTD compensation prior to June 8, 2015. Specifically, the SHO stated:

> The Hearing Officer finds sufficient medical evidence to support the payment of Permanent Total Disability prior to 06/08/2015. However, the Injured Worker received temporary total disability compensation through 03/17/2015 based upon the allowed psychological condition. Therefore, Permanent Total Disability benefits are ordered to begin 03/18/2015 based upon the report of Dr. DeMicco.

{¶ 22} 12. Relator's request for reconsideration was denied by order of the commission mailed October 27, 2016.

{¶ 23} 13. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 24} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 25} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 26} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693 (1994). Generally, in making this determination, the commission must consider not only medical impairments but also the claimant's age, education, work record and other relevant non-medical factors. *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987). Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability. *State ex rel. Gay v. Mihm*, 68 Ohio St.3d 315 (1994). The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 27} Relator argues the commission abused its discretion by relying exclusively on the report of Dr. Kaffen to find that claimant was permanently and totally disabled. Relator argues that because claimant underwent a fusion at L4-5, the disc protrusion at

L4-5 no longer existed and, as such, claimant's back pain cannot be the result of this allowed condition. Relator points to the report of Dr. Ahn who opined that any ongoing symptomatology would "be likely related to the ongoing nerve compression at the L2-3 and L5-S1 levels, which appear to be degenerative in nature and which are not within the allowed conditions in this claim." As such, according to relator, Dr. Kaffen's report is internally inconsistent in that he attributes the disability to a condition which no longer exists.

{¶ 28} For the reasons that follow, the magistrate disagrees.

{¶ 29} First, claimant's claim is allowed for disc protrusion at L4-5. Although the most recent MRI demonstrates that the fusion alleviated the protrusion, Dr. Kaffen also indicated that claimant's pain had not resolved following surgery and physical therapy, and further, that epidural injections had failed to provide him with any lasting relief.

{¶ 30} It appears relator argues that because the lumbar fusion alleviated the disc protrusion it also relieved all claimant's symptoms. To the extent claimant continues to have symptoms, those symptoms must be related to some other condition which is not allowed in the claim. In the present case, while Dr. Ahn attributes claimant's ongoing pain to non-allowed conditions, Dr. Kaffen attributes claimant's pain to the allowed conditions specifically noting that claimant did not have relief following surgery. This is a difference of opinion between physicians and not an indication that Dr. Kaffen's report is inconsistent. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Furthermore, it is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996).

{¶ 31} The magistrate finds relator's first argument is not well-taken.

{¶ 32} Relator also asserts the commission abused its discretion when it adjusted the start date for the award of PTD compensation by relying on the report of Dr. DeMicco, a report on which the commission did not rely to grant claimant PTD compensation.

{¶ 33} In the tentative order granting claimant PTD compensation, the SHO specifically relied on the medical report of Dr. DeMicco. That report is the earliest evidence that claimant was permanently and totally disabled solely as a result of the

allowed medical conditions in his claim and without reference to any of the non-medical disability factors. Further, the tentative order determined that the start date for the award of PTD compensation should be September 19, 2014, the date of Dr. DeMicco's report. Relator had objected to this tentative order and ultimately a hearing was held on July 13, 2016. At that time, a different SHO also granted claimant PTD compensation based solely on the allowed medical conditions in his claim. Relying exclusively on the report of Dr. Kaffen, the SHO determined that the start date for claimant's PTD compensation should be June 8, 2015, the date of Dr. Kaffen's report.

{¶ 34} Pursuant to Ohio Adm.Code 4121-3-34 and Hearing Officer Manual Memo G-1, claimant filed a motion requesting that the start date for the payment of PTD compensation be readjusted from June 8, 2015 to September 19, 2014 because Dr. DeMicco's report was the first medical evidence establishing claimant's entitlement to PTD compensation based solely on the allowed medical conditions.

{¶ 35} In the present case, the commission issued a tentative order awarding claimant PTD compensation based exclusively on the report of Dr. DeMicco. Pursuant to Hearing Officer Manual Memo G-3, PTD tentative orders are specifically reserved for those claims where the granting of the application is "medically obvious." Furthermore, Hearing Officer Manual Memo G-1 pertains for requests to readjust the start date of PTD compensation and provides in pertinent part:

> If a written request for readjustment of a starting date * * *
> of a permanent total disability award from an order issued by
> a staff hearing officer is filled, within 30 days of the receipt of
> that order, such request is to be referred to the hearing
> administrator. Every request for adjustment of the
> permanent total disability starting date * * * shall be
> accompanied by an explanation supporting why such relief
> should be granted and the evidence relied upon to support
> the request.
>
> * * *
>
> If the hearing administrator finds the request is contested,
> * * * the request is to be scheduled for hearing before a staff
> hearing officer. This hearing is limited to only the issue that
> is being placed into controversy * * *. The staff hearing
> officer is not to reconsider the merits of the original

> determination that the injured worker is permanently and totally disabled.

{¶ 36} Relator correctly argues that a motion to adjust the start date for PTD compensation is a motion requesting the commission exercise its continuing jurisdiction. However, as cited by claimant's counsel, in *State ex rel. Jackson v. Indus. Comm.,* 10th Dist. No. 04AP-174, 2004-Ohio-6524, this court adopted the decision of its magistrate wherein the magistrate noted that a motion requesting a change in the start date of compensation which references Memo G-1 (formally Memo G-3) was sufficient to satisfy the requirements of requesting the commission to invoke its continuing jurisdiction. However, in its reply brief, relator cites the Supreme Court of Ohio's decision in *State ex rel. Dingus v. Quinn Dev. Co.,* 70 Ohio St.3d 580 (1994), wherein the Supreme Court determined that even if a medical report supported an earlier start date for an award of compensation, that fact was immaterial if the commission did not rely on that report when it awarded PTD compensation.

{¶ 37} As relator argues, the commission could have relied on both the reports of Drs. DeMicco and Kaffen when it granted claimant's application for PTD compensation. However, the commission did not.  The commission only relied on the report of Dr. Kaffen and the magistrate finds that it was an abuse of discretion for the commission to use Dr. DeMicco's report to adjust the start date of claimant's PTD compensation.

{¶ 38} Relator's final argument is that the commission should have dismissed claimant's application for PTD compensation because claimant did not file any psychological evidence in support of his application.  The magistrate finds this argument fails because claimant never asserted that his allowed psychological condition rendered him permanently and totally disabled.  Because claimant was only asserting that he was entitled to PTD compensation based exclusively on the allowed physical conditions in his claim, claimant was not required to submit any psychological evidence.  As such, the magistrate finds the commission did not abuse its discretion when it did not dismiss claimant's application for PTD compensation.

{¶ 39} It is this magistrate's decision that the commission did not abuse its discretion when it awarded PTD compensation to claimant; however, the commission did abuse its discretion when it adjusted the start date of claimant's award based on a medical

report which was not cited was some evidence relied on by the commission to grant PTD compensation. As such, this court should issue a limited writ of mandamus ordering the commission to use June 8, 2015, the date of Dr. Kaffen's report on which the commission exclusively relied to grant PTD compensation as the start date for the award.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).